1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Rebecca R. Weinreich (SBN 155684)
2    E-Mail: weinreich@lbbslaw.com
   Beth E. Yoffie (SBN 120342)
3    E-Mail: yoffie@lbbslaw.com
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Tel: (213) 250-1800
5  Fax: (213) 481-0621

FILED

10 JUN 16  PM 4: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

6  Attorneys for Defendant National Union Fire Insurance
   Company of Pittsburgh, PA

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  RLI INSURANCE COMPANY,                )  CASE NO.:
                                          )  **CV 10   4455   R (JCx)**
12              Plaintiff,                 )  **NOTICE OF REMOVAL OF ACTION**
                                          )  **PURSUANT TO 28 U.S.C. § 1441(b)**
13       v.                                )  **(Diversity)**
                                          )
14  ACE AMERICAN INSURANCE                 )
    COMPANY; NATIONAL UNION FIRE           )
15  INSURANCE COMPANY OF                   )
    PITTSBURGH, PENNSYLVANIA, and          )
16  DOES 1 Through 10, inclusive           )
                                          )
17              Defendants.                )

18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20         PLEASE TAKE NOTICE that defendant National Union Fire Insurance

21  Company of Pittsburgh, PA ("National Union") hereby removes to this Federal Court

22  the State Court action described below.

23         1.     On May 7, 2010, an action was commenced in the Superior Court of the

24  State of California in and for the County of Los Angeles entitled *RLI Insurance*

25  *Company v. ACE American Insurance Company, National Union Fire Insurance*

26  *Company of Pittsburgh, Pennsylvania, and DOES 1-10,* Case No. BC 437298.  A copy

27  of said summons and complaint is attached hereto as Exhibit A.

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4828-8881-6902.1                    1
                    NOTICE OF REMOVAL OF ACTION

1         2.      The summons and complaint was served on National Union's agent for

2    service of process, Corporation Service Company, on or about May 14, 2010.  The

3    Notice of Service of Process states that the summons and complaint were process by

4    Corporation Service Company on May 17, 2010. "Received" date-stamps on the

5    notice demonstrate that AIG's Commercial Insurance Law Department received the

6    notice and summons and complaint on May 18, 2010, and that they were received by

7    Property & Casualty Severity Claims Division Counsel on May 20, 2010.  Attached

8    hereto as Exhibit B is a copy of Notice of Service of Process concerning service of the

9    summons and complaint, its processing, and its receipt by National Union.

10         3.      This action is a civil action over which this Court has original jurisdiction

11    under 28 United States Code Section 1332 and is one which may be removed to this

12    Court by National Union pursuant to the provisions of 28 United States Code Section

13    1441(b) in that it is a civil action between citizens of different states and the matter in

14    controversy exceeds the sum of $75,000, exclusive of interest and costs.

15         4.     Plaintiff RLI Insurance Company ("RLI"), at the time this action was

16    commenced, was and still is a citizen of the State of Illinois, with its principal place of

17    business is in Peoria, Illinois.  The California Secretary of State officially reports that

18    Illinois is RLI's state of incorporation.[1] RLI's website advises:

19           Our Home Office is in Peoria, Illinois, where our founder first worked at

20           his father's insurance agency.  As RLI expanded, we've kept our Midwest

21           roots and emerged as a hub of support for our branch operations.[2]

22    A Wall Street Journal article dated May 27, 2010, reporting on A.M. Best's ratings of

23    RLI Corp. states that all companies, including RLI Insurance Company, are domiciled

24

25

26    ───────────────

27    [1] A true and correct copy of a print-out of the pertinent page California
Department of Insurance website is attached hereto as Exhibit C.

28    [2] A true and correct copy of a print-out of the pertinent pages of the RLI
website is attached hereto as Exhibit D.

LEWIS
RISBOIS
ISGAARD
: SMITH LLP
4828-8881-6902.1                                          2
NOTICE OF REMOVAL OF ACTION

1 | in Peoria, Illinois.[3/]  Thus, RLI's principal place of business is and, at all pertinent

2 | times, including the time when the state court action was filed and currently, has been

3 | the State of Illinois.  This is consistent with *Beggin v. RLI Ins. Co.,*2006 U.S. Dist.

4 | Lexis 9531 (February 27, 2006), where the court found, based on evidence submitted

5 | by RLI, that diversity jurisdiction was proper because RLI was an Illinois corporation

6 | with its principal place of business in Illinois.[4/]

7 |      5.     National Union is informed and believes that RLI is licensed in 50 states

8 | and conducts operations throughout the United States; no single state contains a

9 | predominance of its business activities.  The states that account for the largest portion

10 | of RLI's revenues are New York (14.1%), California (9.4%), Florida (8.7%), Texas

11 | (7.8%), and New Jersey (5.4%), with 47 other jurisdictions, including Pennsylvania,

12 | collectively comprising 50.4% of RLI's revenues. (A.M. Best's Insurance Reports,

13 | Property/Casualty United States & Canada (2007 Ed.) p. 3591.)[5/]

14 |      6.     National Union, at the time this action was commenced, was and still is a

15 | corporation organized and existing under the laws of the State of Pennsylvania, with

16 | its principal place of business in New York, and was not and is not a citizen of the

17 | State of Illinois.  The California Secretary of State officially reports that Pennsylvania

18 | is National Union's state of incorporation.[6/]  Best's Insurance Reports states that

19 | National Union is domiciled in New York.[7/]  National Union's principal place of

20 | business is and, at all pertinent times, including the time when the state court action

21 | _____

22 |      [3/]A true and correct copy of the online version of the Wall Street Journal article is attached hereto as E.

23 |      [4/]A copy of the *Beggin v. RLI Ins. Co.,*2006 U.S. Dist. Lexis 9531 (February

24 | 27, 2006) decision is attached as Exhibit F.

25 |      [5/]True and correct copies of the cited pages of Best's Insurance Reports are attached hereto as Exhibit G.

26 |      [6/]A true and correct copy of the a print-out of the pertinent pages of the

27 | California Department of Insurance website is attached hereto as Exhibit H.

28 |      [7/]A true and correct copy of a McGriff website report on AM Best ratings showing National Union's domicile state is attached hereto as Exhibit I.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

3

NOTICE OF REMOVAL OF ACTION

1 was filed and currently, has been the State of New York and not Illinois.

2        7.    National Union is licensed in 50 states and conducts operations

3 throughout the United States; no single state contains a predominance of its business

4 activities. The states that account for the largest portion of National Union's revenues

5 are California (14.3%), New York (8.3%), Florida (5.8%), Texas (5.5%), and

6 Delaware (4.3%), with 47 other jurisdictions, including Illinois, collectively

7 comprising 51% of National Union's. (A.M. Best's Insurance Reports,

8 Property/Casualty United States & Canada (2007 Ed.) p. 2875.)[8/]

9        8.    National Union's executive and administrative functions are centralized

10 in New York, New York, which is commonly referred to as National Union's Home

11 Office. Its directors generally meet there. All department heads are located in New

12 York, New York – including corporate management, legal affairs, marketing, human

13 resources, and sales. National Union's regional offices refer decisions of national

14 significance to the Home Office in New York. National Union's principal executive

15 and administrative functions are located in New York.

16        9.    Where a corporation has business operations in many states, as National

17 Union does, the Ninth Circuit applies the "nerve center" test to determine the

18 corporation's principal place of business. *Industrial Tectonics, Inc. v. Aero Alloy*, 912

19 F.2d 1090, 1094 (9th Cir. 1990) (nerve center test applied where "no state contains a

20 substantial predominance of the corporations' business activities"); *see also, Brietman*

21 *v. May Company California*, 37 F.3d 562, 564 (9th Cir. 1994) (Court found that the

22 "nerve center test" was appropriate since the corporation had operations in over 30

23 states and no state contained a substantial predominance of corporations's activities).

24 In applying the nerve center test, it is apparent that National Union's principal place of

25 business is New York.

26 ///

27 _____

28     [8/]True and correct copies of the cited pages of Best's Insurance Reports are attached hereto as Exhibit J.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4828-8881-6902.1

4

NOTICE OF REMOVAL OF ACTION

10.     At the time this action was commenced, defendant ACE American Insurance Company was and still is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania, and was not and is not a citizen of the State of Illinois, where RLI is domiciled.  The California Secretary of State officially reports that Pennsylvania is ACE's state of incorporation.[9/] A.M. Best's Insurance Reports states that ACE is domiciled in Pennsylvania.[10/]  Thus, ACE's principal place of business is and, at all pertinent times, including the time when the state court action was filed and currently, has been the State of Pennsylvania and not Illinois. This is consistent with *Ward Manufacturing, Inc. V. Royal Indemnity Co.,* 2006 U.S. Dist. Lexis 49134 (July 19, 2006), where the court found, "It is undisputed that Plaintiff Ward and Defendant ACE American Insurance Company are citizens of Pennsylvania.[11/]

11.     National Union is informed and believes that ACE is licensed in 50 states and conducts operations throughout the United States; no single state contains a predominance of its business activities.  The states that account for the largest portion of ACE's revenues are California (11.6%), Texas (9.0%), New York (7.4%), Pennsylvania (6.6%) and Florida (6.6%), with 48 other jurisdictions, including Illinois, comprising the remaining 49.6% revenues. (A.M. Best's Insurance Reports, Property/Casualty United States & Canada (2007 Ed.) p. 3591.)[12/]

///

///

---

[9/]A true and correct copy of a print-out of the pertinent page of the California Department of Insurance website is attached hereto as Exhibit K.

[10/]A true and correct copy of a print-out of A.M. Best's Credit Rating Center report is attached hereto as Exhibit L.

[11/]A true and correct copy of the *Ward Manufacturing, Inc. V. Royal Indemnity Co.,* 2006 U.S. Dist. Lexis 49134 (July 19, 2006) decision is attached as Exhibit M.

[12/]True and correct copies of the cited pages of A.M. Best's Insurance Reports are attached hereto as Exhibit N.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4828-8881-6902.1

5

NOTICE OF REMOVAL OF ACTION

12.     Application of the nerve center test demonstrates that ACE's principal place of business is Philadelphia, Pennsylvania. (*See, Industrial Tectonics, Inc. v. Aero Alloy, supra,* 912 F.2d at 1094.

13.     The Complaint also names "Does 1 through 10, inclusive," as defendants in this lawsuit.  According to 28 U.S.C. section 1441(a), "for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

14.     The amount in controversy is in excess of $75,000.  Plaintiff seeks equitable contribution from defendants for all or part of a $5,525,000 settlement it allegedly entered in *Huenchomporn Jeewarat, et al. v. Jared Douglas Southard, et al.,* L.A.S.C. Case No. BC365718, on behalf of its insureds.

15.     Removing party is unaware of any pleadings filed in the action entitled *RLI Insurance Company v. ACE American Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and DOES 1-10, Defendants,* Case No. BC 437298, other than those attached to this notice of removal.

DATED:  June 16, 2010               Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____
            Rebecca R. Weinreich
            Beth E. Yoffie
Attorneys for Defendant NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

# EXHIBIT A

# EXHIBIT A

**SUMMONS**
**(CITACIÓN JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:** ACE AMERICAN INSURANCE COMPANY;
**(AVISO AL DEMANDADO):** NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH PENNSYLVANIA; and DOES 1
through 10, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 0 7 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUGENA LOPEZ

**YOU ARE BEING SUED BY PLAINTIFF:** RLI INSURANCE COMPANY
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:) | (Número del Caso:) |
| LOS ANGELES COUNTY SUPERIOR COURT | BC437298 |
| 111 North Hill Street | |
| Los Angeles, CA 90012 | |
| CENTRAL DISTRICT | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Gregory D. Bistline (SBN 70176)
Ted H. Luymes (SBN 150351)      Tel: 626-440-0591   Fax: 626-440-0591
Bistline, Cohoon & Luymes
2500 E. Colorado Bl., Suite 300, Pasadena, CA 91107

DATE:                       Clerk, by                              , Deputy
(Fecha)   MAY 0 7 2010       (Secretario)                          (Adjunto)

RUGENA LOPEZ

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): National Union Fire Insurance Company of Pittsburgh, Pennsylvania
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

1 | Gregory D. Bistline (SBN 70176)
  | Ted H. Luymes (SBN 150351)
2 | **BISTLINE, COHOON & LUYMES**
  | **A Law Corporation**
3 | 2500 East Colorado Boulevard
  | Suite 340
4 | Pasadena, California  91107-3775
  | (626) 440-0591
5 |
  | Attorneys for RLI INSURANCE COMPANY
6 |

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 07 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

## BC437298

11 | RLI INSURANCE COMPANY,

12 | Plaintiff,

13 | v.

CASE NO.

**COMPLAINT FOR EQUITABLE CONTRIBUTION**

14 | ACE AMERICAN INSURANCE
   | COMPANY; NATIONAL UNION FIRE
15 | INSURANCE COMPANY OF
   | PITTSBURGH PENNSYLVANIA; and
16 | DOES 1 through 10, inclusive,

17 | Defendants.

18

19    1.    Plaintiff RLI Insurance Company ("RLI") is an insurer licensed to do and is doing

20 | business in Los Angeles County.

21    2.    Ace American Insurance Company ("ACE") is an insurer licensed to do business and

22 | is doing business in the County of Los Angeles.

23    3.    National Union Fire Insurance Company of Pittsburgh Pennsylvania ("National

24 | Union") is an insurer licensed to do business and is doing business in the County of Los Angeles.

25    4.    The true names and capacities, whether individual, partner, associate, corporate   or

26 | otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who, therefore,

27 | sues said Defendants by such fictitious names. Plaintiff  is informed and believes and thereon

28 |

1

**COMPLAINT FOR EQUITABLE CONTRIBUTION**

1    alleges that each of the Defendants designated herein as a DOE is legally responsible in some

2    manner for the events and happenings herein mentioned.  Plaintiff will seek leave of Court to amend

3    this Complaint to reflect the true names and capacities of said DOES when they have been

4    ascertained.

5         5.     That Plaintiff is informed and believes and thereupon alleges that at all times

6    mentioned herein, Defendants herein, and each of them, were the agents, employees, servants and/or

7    representatives of each of the other Defendants herein, and in doing the things hereinafter alleged,

8    were acting within the course and scope of their authority as such agents, employees, servants and/or

9    representatives and with the permission and consent of each of the other Defendants.  The term

10   "Defendant" as used herein refers to all Defendants jointly,   as well as each Defendant separately.

11

12                          **FACTS OF THE UNDERLYING CASE**

13        6.     On August 11, 2006, an auto accident occurred in Hollywood, California between

14   Marc Brandon and Jared Douglas Southard resulting in multiple injuries to three young women who

15   were standing on an adjacent sidewalk.  These injuries included the wrongful death of one, the

16   traumatic amputation of an upper extremity of another and a fractured skull of the third.

17        7.     Los Angeles Superior Court case number BC365718 was filed against Brandon and

18   Southard on February 2, 2007 by the aggrieved parties.  The Complaint was later amended to

19   include Brandon's employer, Warner Bros. Entertainment, inc. (hereinafter "Warner Bros.").  The

20   Court found that at the time of the accident, Brandon was acting in the course and scope of his

21   employment with Warner Bros.

22

23                                **INSURANCE**

24        8.     Southard had a 15,000 / 30,000 liability policy with Progressive Insurance Company.

25   There was no other insurance applicable to Southard and Progressive paid its policy limits and is not

26   involved in this action.

27        9.     Brandon had the following insurance:

28                                        2

---

                          **COMPLAINT FOR EQUITABLE CONTRIBUTION**

Bistline, Cohoon & Luymes
A LAW CORPORATION
2500 East Colorado Boulevard, Suite 340
Pasadena, CA 91107-3775
(626) 440-0301
FAX (626) 440-0601

(a)   Mercury Insurance Company, policy number APO 7346963 with a policy period of May 23, 2006 to November 23, 2006, with policy limits in the amount of $100,000 per person, $300,000 per occurrence.

(b)   RLI umbrella policy number PUP1046954 with a policy period of June 15, 2006 to June 15, 2007, in an amount of $1 million dollars excess over all primary policies.

10.   Warner Bros. had multiple layers of insurance including:

(a)   A primary policy with ACE, policy number ISAHO8223245, with a policy period of June 1, 2006 to June 1, 2007.  The policy limits were $5 million dollars.

(b)   National Union, policy number 4485421, with a policy period of June 1, 2006 to June 1, 2007, issued its excess policy with limits of $25 million over the $5 million CSL ACE policy.

11.   Both ACE and National Union agree that as an employee of Warner Bros., Brandon is an insured under their policies.


## INSURANCE CONTENTIONS

12.   Mercury agrees that it is a primary insurer for Brandon.

13.   ACE contends that it is primary as to Warner Bros. and excess to all other collectible insurance, except National Union.  Specifically, ACE takes the position that it is excess to RLI in regard to Brandon.

14.   National Union, upon information and belief, contends that it is excess to all other policies, including that of RLI.

15.   RLI contends that it is excess over Mercury and ACE, but should contribute on a pro rata basis with National Union.


## OTHER INSURANCE CLAUSES

16.   The "other insurance" clause in the RLI umbrella policy provides:

"*Other Insurance.*  There may be other collectible insurance, in addition to the **Basic**

3

**COMPLAINT FOR EQUITABLE CONTRIBUTION**

Bistline, Cohoon & Luymes
A LAW CORPORATION
2500 East Colorado Boulevard, Suite 340
Pasadena, CA 91107-3375
(626) 449-5591
FAX (626) 449-8851

Policies covering a claim which is also covered by this policy. If this occurs, the other insurance will pay first and this policy will respond in excess of, and not contribute with, the other insurance."

17.     The "other insurance" clause in the National Union excess policy provides:

*Other Insurance.*

If other valid and collectible insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy."

18.     The "other insurance" clause in the ACE primary policy provides in part:

"Other Insurance.

a.  For any covered 'auto' you own, this Coverage Form provides primary insurance. For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

.   .   .   .

d.  When this Coverage Form and other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion of that Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis."

**SETTLEMENT**

19.     Amounts paid to all Plaintiffs are as follows:

| | | | |
|---|---|---|---|
| a. | Progressive | - | $ 30,000 |
| b. | City of Los Angeles | - | $ 15,000 |

4

**COMPLAINT FOR EQUITABLE CONTRIBUTION**

Bistline, Cohoon & Luymes
A LAW CORPORATION
2500 East Colorado Boulevard, Suite 340
Pasadena, California 91107-3775
(626) 440-0591
FAX (626) 440-0691

|   | c. | Mercury Casualty | - | $ 275,000[1] |
|---|----|------------------|---|------------|
|   | d. | RLI | - | $ 1,000,000[2] |
|   | e. | ACE |   | $ 4,205,000 |
|   | f. | National Union |   | $ 0 |
|   |    |                  | TOTAL: | $ 5,525,000 |

## FIRST CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

### (Against All Defendants)

20.     Plaintiff repeats and realleges and incorporates by reference as though set forth at this point each and every allegation contained in paragraphs 1 through 19, above.

21.     Progressive, Mercury Casualty and the City of Los Angeles are not Defendants in this action as all payments made by each, were paid on a primary basis.

22.     ACE, citing its "other insurance" clause maintained that since Brandon was driving a vehicle not owned by Warner Bros., the ACE insurance is excess to any other collectible insurance including the RLI policy.

23.     In fact, the ACE policy is a true primary policy and the RLI policy is a true excess policy and the other insurance clause of the ACE policy cannot prevail over the RLI other insurance clause.

24.     The combined total contribution of ACE ($4,205,000) and RLI ($1,000,000) totals $5,205,000.

25.     ACE should have paid its policy limits of $5 million dollars at which time the excess policies would incept and RLI and National Union would then pay, on a pro-rata basis, the remaining $205,000.

---

[1] The Mercury Casualty policy is 100/300 and Mercury Casualty paid $75,000 on the fractured skull claim and $100,000 to each of the remaining Plaintiffs.

[2] RLI paid its policy limits and specifically reserved its right to seek equitable contribution from ACE and National Union. Both ACE and National Union agreed that RLI did not act as a volunteer.

5

**COMPLAINT FOR EQUITABLE CONTRIBUTION**

Bistline, Cohoon & Luymes
A LAW CORPORATION
2500 East Colorado Boulevard, Suite 340
Pasadena, CA 91107-3775
(626) 449-0691
FAX (626) 449-0691

26.     The National Union policy is $25 million dollars and the RLI policy is $1 million dollars. National Union was required to pay $25 to every $1 paid by RLI and should have paid $196,800 of the $205,000 while RLI would pay the balance of the $205,000 or $8,200.

WHEREFORE Plaintiff prays as follows:

1.     From ACE American Insurance Company: $795,000;

2.     From National Union Insurance Company: $196,800;

3.     For prejudgment interest;

4.     For costs of suit;

5.     For such other and further relief as the Court deems proper.

Dated: May 6, 2010.

BISTLINE, COHOON & LUYMES

By: _____
Gregory D. Bistline,
Attorney for Plaintiff RLI Insurance Company

6

**COMPLAINT FOR EQUITABLE CONTRIBUTION**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gregory D. Bistline (L__ 70176)<br>Ted H. Luymes (SBN 150351)<br>Bistline, Cohoon & Luymes<br>2500 E. Colorado Blvd., Suite 340<br>Pasadena, CA 91107 | CONFORMED COPY<br>OF ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 07 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ DB _____ Deputy |

TELEPHONE NO.: 626-440-0591  FAX NO.:

ATTORNEY FOR (Name): RLI INSURANCE COMPANY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: RLI INSURANCE COMPANY v. ACE AMERICAN INSURANCE COMPANY, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC437298 |
| | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [X] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify):  One

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:  May 6, 2010

Gregory D. Bistline (SBN 70176)
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| SHORT TITLE: RLI INSURANCE C( NY v. ACE AMERICAN INSURANCE COMPANY, et al. | CA JER BC437298 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL ____ ☐ HOURS/ 3 DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4
LA-481

| SHORT TITLE: RLI INSURANCE COMPANY v. ACE AMERICAN INSURANCE COMPANY, et al. | | CASE NUMBER |

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ | A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ | A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ | A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ | A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☐ | A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ | A6109   Labor Commissioner Appeals | 10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ | A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ | A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ | A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ | A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections<br>(09) | ☐ | A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ | A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage<br>(18) | ☒ | A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ | A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ | A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ | A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ | A7300   Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction<br>(33) | ☐ | A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ | A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ | A6032   Quiet Title | 2., 6. |
| | ☐ | A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer -<br>Commercial (31) | ☐ | A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Residential (32) | ☐ | A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Drugs (38) | ☐ | A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ | A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ | A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | RLI INSURANCE COMPANY v. ACE AMERICAN INSURANCE COMPANY, et al. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

-17-

| SHORT TITLE: RLI INSURANCE ____ PANY v. ACE AMERICAN INSURANCE COMPANY, et al. | CASE N. | |
|---|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☐2. ☐3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | 2500 E. Colorado Bl. Suite 340 |
| CITY: Pasadena | STATE: CA | ZIP CODE: 91107 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES COUNTY SUPERIOR courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: May 6, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Gregory D. Bistline (SBN 70176)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

-18-

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE.

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave, Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)       NOTICE OF CASE ASSIGNMENT –       Page 1 of 2
LASC Approved 05-06              UNLIMITED CIVIL CASE

INS    CTIONS FOR HANDLING UNLIMIT    IVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)                                                   Page 1 of 2
LASC Approved 10-03

## ...ANGELES SUPERIOR COURT ADR P(...)RAMS

CIVIL:

- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):

- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:

- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-8272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 808 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)585-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 2 of 2

# EXHIBIT B

# EXHIBIT B



**CORPORATION SERVICE COMPANY®**

## Notice of Service of Process

BHY / ALL
Transmittal Number: 7655452
Date Processed: 05/17/2010

| | |
|---|---|
| Primary Contact: | Mr. Andrew Holland- 18th Floor<br>Chartis U.S.<br>175 Water Street<br>New York, NY 10038 |

| | |
|---|---|
| Entity: | National Union Fire Insurance Company of Pittsburgh, Pennsylvania<br>Entity ID Number 0085137 |
| Entity Served: | National Union Fire Insurance Company of Pittsburgh Pennsylvania |
| Title of Action: | RLI Insurance Company vs. ACE American Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Los Angeles County Superior Court, California |
| Case Number: | BC437298 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/14/2010 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Gregory D. Bistline<br>626-440-0591 |

P&C Severity Claims
Division Counsel

MAY 2 0 2010

RECEIVED

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**RECEIVED**

MAY 1 8 2010

AIG Commercial Insurance
Law Department

EXHIBIT C

**EXHIBIT C**

## Results Detail

Last statement filed on: 3/25/2010

| Corporation | | |
|---|---|---|
| RLI INSURANCE COMPANY | | |
| **Number:** C0603807 | **Incorporation Date:** 7/28/1970 | **Status:** Active |
| **Jurisdiction:** ILLINOIS | **Type:** Foreign Stock | |
| **Address** | | |
| 9025 N. LINDBERGH DRIVE, | | |
| PEORIA, IL  61615 | | |
| **Agent For Service Of Process** | | |
| LISASIRMAN | | |
| 801 S. FIGUEROA STREET, SUITE 200, | | |
| LOS ANGELES, CA  90017 | | |

Please review this information to determine if you have located the correct corporation. Statements of Information amendment filings are not eligible for electronic filing at this time. The corporation is not yet due to file the required statement; therefore, this filing is considered an amendment and must be filed either by mail or at our public counter in Sacramento. Forms and instructions can be downloaded from our website at http://www.sos.ca.gov/business/corp/corp_soinfo.htm.

[ Search Results ]    [ New Search ]

https://businessfilings.sos.ca.gov/frmDetail.asp?CorpID=00603807&qrystring=RLI+INSU...   6/15/2010

# EXHIBIT D

# EXHIBIT D



**DIFFERENT WORKS**

contact | search | home

INVESTORS    CAREERS    PRODUCTS    NEWSROOM    ABOUT RLI

CAREERS
» APPLYING AT RLI
■ WORKING AT RLI
  » Benefits
  » Career Development
  » Our Culture
  • Locations
  • About RLI
» INTERNS
» CORP DEVELOPMENT

## Locations

RLI has offices in dozens of cities around the U.S., focused in areas convenient to our customers, and where our product leaders have established a solid base of operations.



### Home Office

Our home office is in Peoria, Illinois, where our founder first worked at his father's insurance agency. As RLI has expanded, we've kept our Midwest roots and emerged as a hub of support for our branch operations.

Learn more about Peoria.

**RLI home office support includes:**

- Human Resources
- Underwriting Guidance
- Corporate Accounting
- Investor Relations
- Communication Services
- Information Management
- Law and Insurance Department Affairs
- Claims
- Actuarial Services
- Operations

These groups help RLI cost-effectively leverage resources, act in a strategically consistent manner, and provide a unified and harmonious voice to our nationwide enterprise.

### Branch offices

Hundreds of RLI associates work in our branch office network. Find out why these locations are great places to live and work.

| | | |
|---|---|---|
| Atlanta | Houston | Phoenix |
| Boston | Indianapolis | Pittsburgh |
| Chicago | Kansas City | San Francisco |
| Cleveland | Los Angeles | Sarasota |
| Dallas | Montvale, NJ & New York | Saratoga Springs, NY |
| Hartford | Oakland | Seattle |
| Honolulu | Philadelphia | St. Louis |

For contact information and maps to our branch locations, visit Find Us.

Please n̲ ̲ome links on this page take you off the RLI̲ ̲te. Please see our discussion on "Links to Other Sites" in our terms of use.

RLINET  |  SITE MAP  |  TERMS OF USE  |  PRIVACY POLICY



Copyright © 2010 RLI Corp.

http://www.rlicorp.com/career/work/locations.asp                                              6/15/2010

# EXHIBIT E

# EXHIBIT E

MAY 27, 2010, 9:14 A.M. ET

# A.M. Best Affirms Ratings of RLI Corp. and Its Subsidiaries

OLDWICK, N.J.--(BUSINESS WIRE)--May 27, 2010--
A.M. Best Co. has affirmed the financial strength rating (FSR) of A+ (Superior) and issuer credit ratings (ICR) of "aa-" of RLI Group (RLI) and its members. A.M. Best also has affirmed the ICR of "a-" and debt rating of "a -" on $100 million 5.95% senior unsecured notes, due 2014 of RLI&apos;s publicly traded parent holding company, RLI Corp. [NYSE: RLI]. The outlook for all ratings is stable. All companies are domiciled in Peoria IL. (See below for a detailed listing of the companies.)

The ratings reflect RLI&apos;s outstanding long-term operating profitability, its superior capitalization and excellent business profile as one of the leading specialty property/casualty insurers in the United States. The ratings also reflect the financial flexibility afforded to RLI by RLI Corp. Somewhat offsetting these positive factors are the group&apos;s above average equity leverage and the resulting susceptibility of earnings to the volatility of the financial markets.

A well developed underwriting platform and strict adherence to established underwriting and pricing principles have helped drive RLI&apos;s excellent historical operating results. In recent years, RLI has significantly reduced its earthquake exposure, which has helped limit potential volatility in its capitalization. During that time, organically generated earnings have fueled a considerable increase in reported surplus, strengthening the group&apos;s capital position considerably. As an accomplished niche underwriting company, RLI has been able to maintain its strong operating results through focusing on markets considered underserved, thereby insulating it somewhat from the different stages of the market cycle. RLI&apos;s investment philosophy has successfully focused on preserving capital and maintaining adequate liquidity to meet financial obligations.

At March 31, 2010, RLI Corp.&apos;s unadjusted debt to capital stood at a relatively modest 10.5%. Additionally, its coverage ratios, reflecting the ability of generated earnings to cover interest payments and overall fixed charges, were very favorable. The relatively low level of financial leverage and strong fixed charge coverage recognizes the considerable balance sheet strength of RLI Corp. and provides significant financial flexibility to the operating subsidiaries.

RLI is a leading specialty lines insurer with operations conducted on an admitted and non-admitted basis throughout the United States. Principal lines of business include commercial property, facultative property, commercial and personal umbrella, general liability, commercial package, directors and officers, miscellaneous professional liability, fidelity, transportation, surety and marine. In January 2010, RLI also entered into an agreement to become a quota share reinsurer of multi-peril crop insurance and crop hail premium and exposure as well.

The FSR of A+ (Superior) and ICRs of "aa-" have been affirmed for RLI Group and its following members:

    -- Mt. Hawley Insurance Company      -- RLI Indemnity Company     -- RLI Insurance Company
For Best&apos;s Credit Ratings, an overview of the rating process and rating methodologies, please visit www.ambest.com/ratings.

The principal methodologies used in determining these ratings, including any additional methodologies and factors that may have been considered, can be found at www.ambest.com/ratings/methodology.

-27-

Founded in 1899, A.M. Best Company is a global full-service credit rating organization dedicated to serving the financial and health care service industries, including insurance companies, banks, hospitals and health care system providers. For more information, visit www.ambest.com.

        CONTACT: A.M. Best Company
Analysts

David S. Blades, CPCU, 908-439-2200, ext.

5422

david.blades@ambest.com

or

Joseph Roethel, 908-439-2200, ext.

5630

joseph.roethel@ambest.com

or

Public Relations

Rachelle Morrow,

908-439-2200, ext. 5378

rachelle.morrow@ambest.com

or

James Peavy,

908-439-2200, ext. 5644

james.peavy@ambest.com

        SOURCE: A.M. Best Company Copyright Business Wire 2010

-28-

# EXHIBIT F

# EXHIBIT F



2 of 100 DOCUMENTS

**CHAD BIGGIN, Plaintiff, -vs- RLI INSURANCE COMPANY, Defendant.**

**Case No. 6:06-cv-104-Orl-19KRS**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

*2006 U.S. Dist. LEXIS 9531*

**February 27, 2006, Decided**
**February 27, 2006, Filed**

**SUBSEQUENT HISTORY:** Summary judgment granted, in part, summary judgment denied, in part by, Summary judgment denied by *Biggin v. RLI Ins. Co., 2006 U.S. Dist. LEXIS 28815 (M.D. Fla., May 5, 2006)*

**COUNSEL:** [*1] For Chad Biggin, Plaintiff: James M. Nicholas, James M. Nicholas, P.A., Satellite Beach, FL; Michael H. Kahn, Michael H. Kahn, P.A., Melbourne, FL.

For RLI INSURANCE COMPANY, Defendant: George E. Carr, George E. Carr, P.A., Orlando, FL.

**JUDGES:** PATRICIA C. FAWSETT, CHIEF JUDGE.

**OPINION BY:** PATRICIA C. FAWSETT

**OPINION**

**ORDER**

This case comes before the Court on the following:

1. Motion for Remand of Plaintiff Chad Biggin (Doc. No. 22, filed February 16, 2006);

2. Plaintiff's Memorandum of Law Filed in Support of Motion for Remand (Doc. No. 23, filed February 16, 2006);

3. Plaintiff's Motion for Remand (Doc. No. 26, filed February 17, 2006);

4. Plaintiffs Memorandum of Law Filed in Support of Motion for Remand [1]

(Doc. No. 26, filed February 17, 2006); and

5. Response to Plaintiffs Motion for Remand of Defendant RLI Insurance Company

1 In this case, counsel for Plaintiff filed duplicative motions for remand, as the Court can find no substantive difference between Document Numbers 22, 23 (Plaintiff's first motion and memorandum) and 26, 27 (Plaintiff's second motion and memorandum). It appears that these documents differ only by the signature block of additional counsel for Plaintiff and to the citation of authority. (*Compare* Doc. No. 23, pp. 3,9 *with* Doc. No. 27, pp. 3, 9-10). The Court strongly discourages counsel from submitting duplicative filings. For simplicity, every reference in this Order refers to Plaintiff's Motion for Remand is to Document Number 26 and 27.

[*2] (Doc. No. 35, filed February 24, 2006).

**Background of the Case**

On December 21, 2005, Plaintiff Chad Biggin filed a three-count Complaint against Defendant RLI Insurance Company in the Eighteenth Judicial Circuit Court in and for Brevard County, Florida. (Doc. No. 1, filed January 24, 2006). The Complaint avers that Plaintiff was a party to another state court proceeding (the "underlying proceeding") against Jonas Nance for injuries sustained

while Plaintiff attempted to arrest Jonas. (Doc. No. 2, filed January 24, 2006, PP 7-8). In due course, the parties settled the underlying proceedings, and the state court entered a final judgment against Jonas Nance for damages in the amount of one million dollars. (*Id.* at PP 14-15). The settlement agreement, which was approved by the state court, assigned to Plaintiff all of Jonas Nance's legal rights, remedies, claims and chooses of action that arose from the underlying proceedings, including amounts due to Jonas under the terms of a personal umbrella liability insurance policy issued by Defendant to Jonas' parents. (*Id.* at PP 5-6, 17, 18). Plaintiff then brought this action against Defendant for a declaration of his rights [*3] under the subject insurance policy, for breach of contract, and for unfair claim settlement practices in violation of *Section 626.9541(1)(i)(3)(c), Florida Statutes.* (*Id.* at PP 29-31, 34-37, 42-47).

Defendant timely removed this action to federal court on January 24, 2006, based on the presence of diversity jurisdiction under Title *28 U.S.C. § 1332.* (*Id.* at PP 1-4). In his motion, Plaintiff contests this court's diversity jurisdiction. (Doc. No. 27, pp. 4-8).

**Motion for Remand**

In this case, the complaint alleges that Plaintiff is a Florida resident seeking damages in excess of $ 75,000. (Doc. No. 2, PP 2,31,39,49). As the party bearing the burden of demonstrating jurisdiction, Defendant offers the affidavit testimony of Andrea Dean to establish that it is an Illinois corporation with a principle place of business in Illinois. (Doc. No. 6, P 5). Therefore, as the requirements for diversity jurisdiction have otherwise been met, the controversy over the court's jurisdiction turns on a single issue of law: Whether this case is a "direct action" within the meaning of Title *28 U.S.C. § 1332(c)(1).* [*4] (*See* Doc. No. 27; Doc. No. 35). As discussed below, it is not, and Defendant's Notice of Removal properly asserted this court's diversity jurisdiction.

The federal diversity jurisdiction statute provides:

> **§ 1332.  Diversity of citizenship; amount in controversy; costs**
>
> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between --
>
>> (1) citizens of different States;
>>
>> . . . .

For the purposes of this section, *section 1335,* and *section 1441,* an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

. . . .

> (c) For the purposes of this section and *section 1441* of this title --
>
>> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined* [*5] *as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,* as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and
>>
>> . . . .

*28 U.S.C. § 1332* (emphasis added). As can be drawn from the proviso emphasized above, *Section 1332(c)(1)* treats liability carriers as if they were citizens of the same state as their insured in "direct actions" by third parties against those carriers. *Id.*

The contention in this case arises from the ambiguity inherent in the use of the term "direct action" by the statute. More broadly, a direct action is a "lawsuit by an insured against his or her own insurance company rather that against the tortfeasor and the tortfeasor's insurer." Black's Law Dictionary 472 (7th ed. 1999). The Eleventh Circuit recognized this broad definition when it held that, "where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the *section* [*6] *1332(c)* direct action proviso does

not preclude diversity jurisdiction." *Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985)*; *see also Broyles v. Bayless, 878 F.2d 1400, 1404 n. 1 (11th Cir. 1989)* ("[A] direct action is any action in which the insurance company is being sued for its own acts or omissions.").

A direct action arises in a narrower sense, however, where "the liability sought to be imposed could be imposed against the insured." *Id.* Several states use the term in this way to permit an injured party to sue an insurance company for payment of a claim without joining the insured. *Broyles, 878 F.2d at 1404 n.1.* That is, those states have provided an injured party "a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor." *Lumbermen's Mut. Cas. Co. v. Elbert, 348 U.S. 48, 51, 75 S. Ct. 151, 99 L. Ed. 59 (1954).* Section 1332(c) uses the term in this narrower sense. *751 F.2d at 1159; 878 F.2d at 1404 n.1.*

With this in mind, it is apparent that the three claims asserted by Plaintiff in the complaint [*7] are not direct actions. In Count I, Plaintiff seeks a declaration of his rights under the insurance policy, and in Count II he seeks damages for Defendant's breach of contract for allegedly failing to defend and indemnify its insured un-

der the insurance policy. (Doc. No. 2, PP 28-40). Both of these claims are derived from the legal rights and remedies allegedly owed to Jonas Nance by Defendant, *(id.* at PP 30, 37), and neither claim can be construed to be "a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor." *Lumbermen's Mut. Cas. Co. v. Elbert, 348 U.S. 48, 51 (1954).* Moreover, and as noted above, the Eleventh Circuit has held that bad faith claims such as the one asserted in Count III of the Complaint are not "direct actions" within the meaning of *Section 1332(c). Fortson, 751 F.2d at 1159.*

Therefore, Defendant has demonstrated that the requirements of *Section 1332* are satisfied.

· **Conclusion**

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Remand.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 27, 2006.

[*8] PATRICIA C. FAWSETT, CHIEF JUDGE

UNITED STATES DISTRICT COURT

# EXHIBIT G

# EXHIBIT G

ACE AMERICAN INSURANCE COMPANY

| | Profitability | | | Leverage | | | Liquidity | |
|---|---|---|---|---|---|---|---|---|
| Period Ending | Comb. Ratio | Inv. Yield (%) | Pretax ROR (%) | NA Inv Lev | NPW to PHS | Net Lev. | Overall Liq. (%) | Oper. Cash-flow (%) |
| 2002 | 102.5 | 2.1 | -15.0 | 22.4 | 1.6 | 6.8 | 119.3 | 150.5 |
| 2003 | 93.4 | 2.2 | 9.6 | 25.9 | 1.7 | 6.4 | 121.3 | 104.6 |
| 2004 | 93.5 | 4.3 | 5.5 | 30.9 | 1.5 | 5.9 | 119.9 | 253.4 |
| 2005 | 94.2 | 4.0 | 15.2 | 24.7 | 1.1 | 4.7 | 124.9 | 141.2 |
| 2006 | 79.7 | 4.3 | 32.3 | 19.2 | 0.8 | 3.7 | 130.1 | 172.4 |
| 5-Yr | 91.3 | 3.8 | 12.9 | ... | ... | ... | ... | ... |

(*) Data reflected within all tables of this report has been compiled from the company-filed statutory statement. Within several financial tables of this report, this company is compared against the Commercial Casualty Composite.

## BUSINESS REVIEW

For a detailed discussion of business review, refer to the report of ACE American Pool.

### 2006 BUSINESS PRODUCTION AND PROFITABILITY ($000)

| Product Line | Premiums Written Direct | Net | % of Total NPW | Pure Loss Ratio | Loss & LAE Res. |
|---|---|---|---|---|---|
| Workers' Comp | 809,550 | 436,869 | 30.8 | 35.2 | 530,347 |
| Oth Liab Occur | 1,174,786 | 249,914 | 17.6 | 46.1 | 559,952 |
| Allied Lines | 14,443 | 135,717 | 9.6 | 35.8 | 42,217 |
| Ocean Marine | 106,364 | 98,749 | 7.0 | 56.9 | 99,035 |
| Com'l MultiPeril | 531,536 | 70,749 | 5.0 | 79.5 | 77,342 |
| Comm'l Auto Liab | 256,054 | 65,195 | 4.6 | 40.5 | 97,360 |
| Oth Liab Cl-Made | 380,359 | 61,956 | 4.4 | 20.9 | 265,854 |
| Group A & H | 368,139 | 52,198 | 3.7 | 56.7 | 12,564 |
| Inland Marine | 51,116 | 41,062 | 2.9 | 120.7 | 38,480 |
| Prod Liab Occur | 118,155 | 40,251 | 2.8 | 11.8 | 70,793 |
| Reins-Casualty | ... | 33,271 | 2.3 | -55.8 | 173,249 |
| Med Mal Cl-Made | 52,648 | 31,252 | 2.2 | 32.3 | 56,143 |
| Aircraft | 96,811 | 25,578 | 1.8 | 83.3 | 32,992 |
| All Other | 109,795 | 73,856 | 5.2 | 55.3 | 114,587 |
| Totals | 4,069,758 | 1,416,617 | 100.0 | 41.0 | 2,170,914 |

Major 2006 Direct Premium Writings by State ($000): California, $472,401 (11.6%); Texas, $365,065 (9.0%); New York, $301,985 (7.4%); Pennsylvania, $270,518 (6.6%); Florida, $270,454 (6.6%); 48 other jurisdictions, $2,018,320 (49.6%); Canada, $51 (0.0%); Aggregate Alien, $370,964 (9.1%).

### CAPITAL GENERATION ANALYSIS ($000)

| | Source of Surplus Growth | | | | | |
|---|---|---|---|---|---|---|
| Period Ending | Pretax Operating Income | Total Inv. Gains | Net Contrib. Capital | Other, Net of Tax | Change in PHS | PHS Growth (%) |
| 2002 | -97,110 | -28,762 | 217,000 | -24,396 | 66,732 | 15.7 |
| 2003 | 94,587 | 23,626 | 65,000 | -46,936 | 136,277 | 27.6 |
| 2004 | 71,484 | 52,278 | 173,000 | -26,493 | 270,268 | 43.0 |
| 2005 | 224,833 | 54,591 | 217,558 | -105,337 | 391,644 | 43.5 |
| 2006 | 458,014 | 101,544 | -39,680 | -122,877 | 397,001 | 30.7 |
| 5-Yr. | 751,807 | 203,277 | 632,878 | -326,039 | 1,261,923 | ... |

## HISTORY

This company was incorporated on November 1, 1945 under the laws of California. It began business January 1, 1946. From organization until early 1961 operations were conducted under the title Allied Compensation Insurance Company. In early 1961, the word "Compensation" was deleted from the corporate title and underwriting powers were broadened to encompass all casualty, fire and allied lines. The name was changed on December 14, 1977 to INA Underwriters Insurance Company. The name was changed to CIGNA Insurance Company on December 31, 1983. Administrative offices were moved during 1982 to Philadelphia, Pennsylvania from New York, New York. The company redomesticated from Woodland Hills, California to Philadelphia on December 20, 1996. The current title was adopted on November 1, 1999.

Capital paid-up is $5,000,000. Authorized capital is comprised of 100,000 shares of $50 par value each, all of which are issued and outstanding.

## MANAGEMENT

All of the outstanding capital stock is owned by INA Holdings Corporation. The latter is owned by INA Financial Corporation, an intermediate holding company of INA Corporation, Philadelphia, Pa. Since July 2, 1999, INA Corporation has been directly or indirectly owned by ACE Limited, which through its various subsidiaries, provides a broad range of insurance and reinsurance products to insureds in the US and 50 other countries.

Officers: Chairman of the Board, Brian E. Dowd; President, John J. Lupica; Executive Vice Presidents, David J. Brosnan, Dennis A. Crosby, Jr., William N. Curcio, Bruce L. Kessler, Paul Ramsey, Edward D. Zaccaria; Senior Vice Presidents, William P. Garrigan, Suresh Krishnan; Vice President, John P. Taylor; Secretary, George D. Mulligan; Treasurer, Francis W. McDonnell; Chief Actuary, Paul G. O'Connell.

Directors: David J. Brosnan, Dennis A. Crosby, Jr., William N. Curcio, Brian E. Dowd (Chairman), William P. Garrigan, Bruce L. Kessler, Suresh Krishnan, John J. Lupica, Francis W. McDonnell, Paul G. O'Connell, Paul Ramsey; Edward D. Zaccaria.

## REGULATORY

An examination of the financial condition is being made as of December 31, 2004 by the Insurance Department of Pennsylvania. The 2005 annual independent audit of the company was conducted by PricewaterhouseCoopers, LLP. The annual statement of actuarial opinion is provided by Paul G. O'Connell, FCAS, MAAA, Executive Vice President and Chief Actuary, ACE INA.

Territory: The company is licensed in the District of Columbia, Guam, Puerto Rico, U.S. Virgin Islands and all states. They are also licensed and operate in the Bahamas, Bermuda, Korea and Japan.

## REINSURANCE PROGRAMS

For a detailed discussion of reinsurance, refer to the report of ACE American Pool.

## BALANCE SHEET

### ADMITTED ASSETS ($000)

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Bonds | 3,811,302 | 3,611,130 | 52.1 | 55.5 |
| Preferred stock | 36,792 | 23,929 | 0.5 | 0.4 |
| Common stock | 137,993 | 94,097 | 1.9 | 1.4 |
| Cash & short-term invest | 262,714 | 227,851 | 3.6 | 3.5 |
| Other non-affil inv asset | 86,560 | 130,906 | 1.2 | 2.0 |
| Investments in affiliates | 635,159 | 491,143 | 8.7 | 7.5 |
| Real estate, offices | 63,464 | 53,087 | 0.9 | 0.8 |
| Total invested assets | 5,033,976 | 4,632,143 | 68.9 | 71.2 |
| Premium balances | 436,716 | 381,430 | 6.0 | 5.9 |
| Accrued interest | 32,291 | 33,299 | 0.4 | 0.5 |
| All other assets | 1,806,334 | 1,461,653 | 24.7 | 22.5 |
| Total assets | 7,309,317 | 6,507,524 | 100.0 | 100.0 |

### LIABILITIES & SURPLUS ($000)

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Loss & LAE reserves | 2,170,914 | 1,904,867 | 29.7 | 29.3 |
| Unearned premiums | 437,280 | 434,443 | 6.0 | 6.7 |
| Conditional reserve funds | 3,703 | 5,875 | 0.1 | 0.1 |
| All other liabilities | 3,009,352 | 2,871,274 | 41.2 | 44.1 |
| Total liabilities | 5,621,250 | 5,216,459 | 76.9 | 80.2 |
| Surplus notes | 180,000 | 220,000 | 2.5 | 3.4 |
| Capital & assigned surplus | 1,024,384 | 1,023,523 | 14.0 | 15.7 |
| Unassigned surplus | 483,683 | 47,543 | 6.6 | 0.7 |
| Total policyholders' surplus | 1,688,067 | 1,291,066 | 23.1 | 19.8 |
| Total liabilities & surplus | 7,309,317 | 6,507,524 | 100.0 | 100.0 |

### SUMMARY OF 2006 OPERATIONS ($000)

| Statement of Income | 12/31/06 | Funds Provided from Operations | 12/31/06 |
|---|---|---|---|
| Premiums earned | 1,416,417 | Premiums collected | 1,373,880 |
| Losses incurred | 581,342 | Benefit & loss related pmts | 209,501 |
| LAE incurred | 272,172 | | |
| Undrw expenses incurred | 275,290 | LAE & undrw expenses paid | 563,694 |
| Net underwriting income | 287,613 | Undrw cash flow | 600,684 |
| Net investment income | 202,551 | Investment income | 208,246 |
| Other income/expense | -32,150 | Other income/expense | -79,805 |
| Pre-tax oper income | 458,014 | Pre-tax cash operations | 729,125 |
| Realized capital gains | -30,253 | | |
| Income taxes incurred | 166,721 | Income taxes pd (recov) | 127,252 |
| Net income | 261,040 | Net oper cash flow | 651,873 |

Company's complete BEST'S COMPANY REPORT, BEST'S INSURANCE REPORTS on CD-ROM, or go online at www.ambest.com/bir

ACE AMERICAN INSURANCE CO... NY

## 2006 REINSURANCE RECOVERABLES ($000)

| | Paid &<br>Unpaid<br>Losses | IBNR | Unearned<br>Premiums | Other<br>Recov* | Total<br>Reins<br>Recov |
|---|---|---|---|---|---|
| US Insurers | 355 | 734 | 439 | 141 | 1,668 |
| Total (ex US Affils) | 355 | 734 | 439 | 141 | 1,668 |
| Grand Total | 355 | 734 | 439 | 141 | 1,668 |

\* Includes Commissions less Funds Withheld

## INVESTMENT LEVERAGE ANALYSIS (% OF PHS)

| | | | Company | | | | Industry<br>Composite |
|---|---|---|---|---|---|---|---|
| Period<br>Ending | Class<br>3-6<br>Bonds | Real<br>Estate/<br>Mtg. | Other<br>Invested<br>Assets | Common<br>Stocks | Non-Affil.<br>Inv.<br>Lev. | Affil.<br>Inv. | Class<br>3-6<br>Bonds | Common<br>Stocks |
| 2002 | | 7.4 | | 3.4 | 10.8 | | 6.0 | 12.0 |
| 2003 | | 6.1 | | 8.4 | 14.5 | | 3.2 | 13.3 |
| 2004 | | 4.0 | | 11.7 | 15.7 | | 2.4 | 14.2 |
| 2005 | | 2.9 | | 11.9 | 14.8 | | 2.6 | 13.5 |
| 2006 | | 3.6 | | 13.6 | 17.2 | | 1.7 | 15.1 |

## HISTORY

This company was incorporated on July 7, 1971, under the laws of Florida and began business on September 1, 1971. Capital stock of $3,060,000 is comprised of 153,000 common shares of $20 par value each. Of the 200,000 shares authorized, 153,000 of them are issued and outstanding.

Effective October 23, 2002, the company's articles of incorporation were amended to increase the par value of its shares to $20 per share. This transaction reduced paid-in-capital by $459,000 and increased the value of the common stock to $3,060,000. This was done to meet the admission requirements of Alaska.

## MANAGEMENT

All outstanding capital stock is owned by Accredited Holding Corporation, Winter Park, Florida, an insurance holding company domiciled in Florida. The voting stock of the parent company is owned by Deborah Jallad and Sharon Jallad, daughters of the former chairman of the board, Hardy M. Snow. Administration of the company's affairs is under the direction of the executives in the holding company, headed by its chairman of the board and president, Deborah Jallad.

**Officers:** Chairman of the Board and President, Deborah S. Jallad; Executive Vice President and Secretary, Sharon S. Jallad; Vice President and Treasurer, Johnny J. Jallad; Vice Presidents, L. Samir Jallad, Russell G. Newman.

**Directors:** Forest I. Hughes, Deborah S. Jallad, Johnny J. Jallad, Sharon S. Jallad, L. Samir Jallad, Fredric Marro.

## REGULATORY

An examination of the financial condition being made as of December 31, 2005 by the Insurance Department of Florida. The company has been granted an exemption by its state of domicile from filing a statement of actuarial opinion of loss and loss adjustment expense reserves with respect to bail bonds. Bail bond reserves are set by state statute. The 2006 annual independent audit of the company was conducted by Geller, Ragans, James, Oppenheimer & Creel. The annual statement of actuarial opinion is provided by David Royce, actuary/consultant, S.G. Risk, Inc.

**Territory:** The company is licensed in the District of Columbia and all states.

## REINSURANCE PROGRAMS

The largest net amount insured in 2005 in any one risk was $20,324,000. The bond was fully collateralized as well as reinsured. The company had a 95% quota share agreement with GE Reinsurance on an auto program in 1999 which has been discontinued but remains in run-off. The company has a variable quota share reinsurance agreement with Endurance Reinsurance Corporation of America for its commercial surety (non-paid) lines. The company has entered into a quota share reinsurance agreement with ArchRe beginning with treaty year 2006.

## BALANCE SHEET

### ADMITTED ASSETS

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Bonds | 25,852 | 22,330 | 77.5 | 74.0 |
| Common stock | 2,915 | 2,179 | 8.7 | 7.2 |
| Cash & short-term invest | 2,095 | 3,215 | 6.3 | 10.7 |
| Other non-affil inv asset | 762 | 535 | 2.3 | 1.8 |
| Total invested assets | 31,624 | 28,260 | 94.9 | 93.6 |
| Premium balances | 499 | 533 | 1.5 | 1.8 |
| Accrued interest | 377 | 267 | 1.1 | 0.9 |
| All other assets | 839 | 1,120 | 2.5 | 3.7 |
| Total assets | 33,339 | 30,179 | 100.0 | 100.0 |

## LIABILITIES & SURPLUS ($000)

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Loss & LAE reserves | 5,387 | 4,818 | 16.2 | 16.0 |
| Unearned premiums | 2,262 | 2,715 | 6.8 | 9.0 |
| All other liabilities | 4,298 | 4,275 | 12.9 | 14.2 |
| Total liabilities | 11,946 | 11,807 | 35.8 | 39.1 |
| Capital & assigned surplus | 3,601 | 3,601 | 10.8 | 11.9 |
| Unassigned surplus | 17,791 | 14,771 | 53.4 | 48.9 |
| Total policyholders' surplus | 21,392 | 18,372 | 64.2 | 60.9 |
| Total liabilities & surplus | 33,339 | 30,179 | 100.0 | 100.0 |

## SUMMARY OF 2006 OPERATIONS ($000)

| Statement of Income | 12/31/06 | Funds Provided from<br>Operations | 12/31/06 |
|---|---|---|---|
| Premiums earned | 19,764 | Premiums collected | 19,035 |
| Losses incurred | 3,855 | Benefit & loss related pmts | 3,449 |
| LAE incurred | 715 | | |
| Undrw expenses incurred | 11,612 | LAE & undrw expenses paid | 11,341 |
| Net underwriting income | 3,582 | Undrw cash flow | 4,246 |
| Net investment income | 1,303 | Investment income | 1,210 |
| Other income/expense | 5 | Other income/expense | 69 |
| Pre-tax oper income | 4,890 | Pre-tax cash operations | 5,524 |
| Realized capital gains | 36 | | |
| Income taxes incurred | 1,666 | Income taxes pd (recov) | 1,500 |
| Net income | 3,260 | Net oper cash flow | 4,024 |

◆

## ACE INA Group

### Ultimate Parent: ACE Limited

# ACE AMERICAN INSURANCE COMPANY
**436 Walnut Street, Philadelphia, PA 19106**
Web: www.ace-ina.com

| | |
|---|---|
| Tel: 215-640-1000 | Fax: 215-640-5592 |
| AMB#: 02257 | NAIC#: 22667 |
| Ultimate Parent#: 58303 | FEIN#: 95-2371728 |

## BEST'S RATING

Based on our opinion of the consolidated Financial Strength of the members of ACE American Pool, which operate under a business pooling arrangement, each pool member is assigned a Best's Rating of A+ (Superior). The company is assigned the Financial Size Category of Class XV, which is the Financial Size Category of the pool. Refer to the Preface for a complete explanation of Best's Rating system and procedure.

## RATING RATIONALE

For a detailed discussion of the rating rationale, refer to the report of ACE American Pool.

**Best's Rating: A+ p**                    **Outlook: Stable**

### FIVE YEAR RATING HISTORY
Rating as of July 23, 2007: A+ p

| Date | Best's<br>Rating | Date | Best's<br>Rating |
|---|---|---|---|
| 10/16/06 | A+ p | 06/22/04 | A p |
| 08/16/05 | A+ p | 06/10/03 | A p |
| 01/06/05 | A+ p | 03/14/02 | A p |

## KEY FINANCIAL INDICATORS ($000)

| | | | Statutory Data | | | |
|---|---|---|---|---|---|---|
| Period<br>Ending | Direct<br>Premiums<br>Written | Net<br>Premiums<br>Written | Pretax<br>Operating<br>Income | Net<br>Income | Total<br>Admitted<br>Assets | Policy-<br>holders'<br>Surplus |
| 2002 | 1,807,089 | 805,502 | -97,110 | -138,244 | 3,049,305 | 492,876 |
| 2003 | 2,598,060 | 1,052,340 | 94,587 | 84,553 | 3,599,452 | 629,154 |
| 2004 | 3,365,857 | 1,389,003 | 71,484 | 82,181 | 5,447,078 | 899,422 |
| 2005 | 3,589,428 | 1,434,589 | 224,833 | 136,168 | 6,507,524 | 1,291,066 |
| 2006 | 4,069,758 | 1,416,617 | 458,014 | 261,040 | 7,309,317 | 1,688,067 |

# EXHIBIT H

# EXHIBIT H

Results Detail
Page 1 of 1

## Results Detail

Last statement filed on: 6/1/2010

| Corporation | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. | | |
| **Number:** C0040159 | **Incorporation Date:** 5/12/1904 | **Status:** Active |
| **Jurisdiction:** PENNSYLVANIA | **Type:** Foreign Stock | |
| **Address** | | |
| 175 WATER STREET, 18TH FLOOR, | | |
| NEW YORK, NY 10038 | | |
| **Agent For Service Of Process** | | |
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE | | |
| 2730 GATEWAY OAKS DR STE 100, | | |
| SACRAMENTO, CA 95833 | | |

Please review this information to determine if you have located the correct corporation. Statements of Information amendment filings are not eligible for electronic filing at this time. The corporation is not yet due to file the required statement; therefore, this filing is considered an amendment and must be filed either by mail or at our public counter in Sacramento. Forms and instructions can be downloaded from our website at http://www.sos.ca.gov/business/corp/corp_soinfo.htm.

Search Results    New Search

-34-

**EXHIBIT I**

**EXHIBIT I**

A.M. Best Downgrades

| Rating Action | Company Name | Domicile | AMB# | Current Rating | Previous Rating | Date |
|---|---|---|---|---|---|---|
| | **Life** | | | | | |
| - | (AIG) American International Insurance Companies | US: NY | 03641 | A | A+ | Sept-08 |
| - | American Life Insurance Company | US:DE | 6081 | A+ | A++ | June-08 |
| - | Ameritas Life Insurance Corporation | US: NE | 6512 | A | A+ | Aug-03 |
| - | American National Insurance Co. | US: TX | 06087 | A | A+ | Jun-09 |
| - | Bankers Life and Casualty Company | US: IL | 6149 | B | B++ | Oct-02 |
| - | Employers Reassurance Corporation | US: KA | 6976 | A | A+ | Aug-03 |
| - | Guarantee Trust Life Insurance Company | US: IL | 6503 | B++ | | Jan-04 |
| - | Hartford Life Insurance Company | US:CT | 06518 | A15 | A+15 | Feb-09 |
| - | Hartford Life and Accident Insurance Company | US:CT | 02785 | A15 | A+15 | Feb-09 |
| - | Health Net Life Insurance Company | US:CA | 06722 | B+ | B++ | Nov-08 |
| - | John Hancock Life Insurance Company | US:MA | 06601 | A+15 | A++15 | Jul-09 |
| - | Kanawha Insurance Company | US: SC | 6604 | A- | A | Apr-03 |
| - | Medmarc Casualty Insurance Company | US:VA | 02216 | A- | A | May-09 |
| - | Medmarc Insurance Group | US:VA | 18326 | A- | A | May-09 |
| - | Medical Protective Company | US: IN | 591 | A- | A+ | Jun-03 |
| - | Noetic Specialty Insurance Company | US:VA | 12468 | A- | A | May-09 |
| - | Shenandoah Life Insurance Company | US:VA | 07044 | E | B++ | Feb-09 |
| - | Southwest Life & Health Company | US:TX | 06719 | B- | B | Sept-09 |
| - | Sun Life Assurance Co of Canada | Canada: Toronto | 07101 | A+15 | A++15 | Feb-09 |
| - | Washington National Insurance Company | US: IL | 7218 | B | B++ | Oct-02 |
| | **Property/Casualty** | | | | | |
| - | (AIG) American International Insurance Companies | US: NY | 03641 | A | A+ | Sept-08 |
| - | AIU Insurance Company | US: NY | 2389 | A++ | A+++ | May-05 |
| - | Alea North America Insurance Company | US:CT | 12467 | NR-4 | B++ | Jan-06 |
| - | Allianz Insurance Company | US: CA | 407 | A | A+ | Apr-03 |
| - | Allianz Underwriters Insurance Company | US: CA | 2618 | A | A+ | Apr-03 |
| - | American & Foreign Insurance Company | US: NC | 2430 | B+ | A- | Sep-03 |
| - | American Home Insurance Co. | US: NY | 2034 | A++ | A+++ | May-05 |
| - | American International Group | US:NY | 58702 | A+ | A++ | June-08 |
| - | American Int'l. Ins. Co. | US: DE | 3641 | A++ | A+++ | May-05 |
| - | American Int'l. Specialty Ins. Co. | US: NY | 3535 | A++ | A+++ | May-05 |
| - | American Manufacturers Mutual Ins Co. | US: IL | 2273 | D | C++ | Jun-03 |
| - | American Motorists Insurance Company | US: IL | 2274 | D | C++ | Jun-03 |
| - | American National General Insurance Co. | US: MO | 02803 | A | A+ | Jun-09 |
| - | American Re Corporation | US: NJ | 149 | AA | A+ | Dec-02 |
| - | Anesthesiologists Professional Assurance Company | US: FL | 10887 | B++ | A- | Oct-02 |
| - | Associated Industries Insurance Co, Inc. | US: FL | 11693 | B | B+ | Oct-03 |
| - | Atlantic Indemnity Company | US: NC | 11330 | B+ | A- | Sep-03 |
| - | Atlantic Insurance Company | US: NY | 2220 | A- | A | Jul-04 |
| - | Atlantic Mutual Companies | US: NY | 178 | B- | B+ | Mar-06 |
| - | Atlantic Mutual Insurance Company | US: NY | 2063 | B++ | A- | Oct-03 |
| - | Audubon Indemnity Co. | US: LA | 4121 | A++ | A++ | May-05 |
| - | Audubon Insurance Co. | US: LA | 180 | A++ | A++ | May-05 |
| - | AXA Corporate Solutions Lloyds Insurance Co. of Texas | US: TX | 12315 | A- | A | Jan-03 |
| - | AXA Re Property & Casualty Insurance Co. | US: DE | 4779 | A- | A | Jan-03 |
| - | Birmingham Fire Ins. Co. of PA | US: NY | 2349 | A++ | A+++ | May-05 |
| - | Bridgefield Casualty Insurance Company | US: FL | 11812 | A | A+ | Mar-03 |

-35-

| Company | Domicile | ID | Rating | | Date |
|---|---|---|---|---|---|
| Bridgefield Employers Insurance Company | US: FL | 12158 | A | A+ | Mar-03 |
| Canal Insurance Company | US: SC | 00234 | A9 | A+10 | Jan-10 |
| Casualty Reciprocal Exchange | US: MO | 2141 | NR-4 | C++ | Oct-02 |
| Catawba Insurance Company | US: SC | 2462 | E | NR | Oct-02 |
| Centennial Insurance Company | US: CT | 2064 | B- | B+ | Mar-06 |
| Clarendon America Insurance Company | US: NJ | 1845 | A- | A | Nov-05 |
| Clarendon Insurance Group | US: DE | 3041 | A- | A | Nov-05 |
| Clarendon National Insurance Company | US: NJ | 1975 | A- | A | Nov-05 |
| Clarendon Select Insurance Company | US: FL | 10827 | A- | A | Nov-05 |
| CNA Surety Corporation Group | US: DE | 18214 | A | A+ | Nov-03 |
| Commerce & Industry Ins. Co. | US: NY | 4000 | A++ | A++ | May-05 |
| Commerce & Industry Ins. Co. of CA | Canada | 85727 | A++ | A++ | May-05 |
| Connecticut Indemnity Company | US: CT | 2454 | B+ | A- | Sep-03 |
| Connecticut Specialty Insurance Company | US: CT | 19616 | A- | A | Oct-02 |
| Coregis Insurance Company | US: IL | 1890 | A- | B+ | Jun-04 |
| Cornerstone Mutual Insurance Company | US: GA | 11626 | B+ | B++ | Oct-02 |
| Delta Dental Insurance Company | US:CA | 09147 | B++ | A- | Mar-09 |
| Diamond State Insurance | US: IN | 2820 | A | A+ | Aug-03 |
| Doctors Insurance Recip RRG | US: TN | 11111 | F | E | Aug-03 |
| Eagle Insurance Group (WA) | US: WA | 18007 | D | C++ | Oct-03 |
| Eagle Pacific Insurance Company | US: WA | 3803 | D | C++ | Oct-03 |
| Employers Insurance Company of Wausau | US: WI | 2159 | A | A+ | Mar-03 |
| Employers Re Corp Group | US: MO | 5967 | A | A++ | Dec-02 |
| Employers Reinsurance Corporation | US: MO | 347 | A | A+ | Jun-03 |
| Firemans Fund Insurance Co. of Georgia | US:GA | 02616 | NR-5 | A | Mar--9 |
| General Security Indemnity Company of Arizona | US: AZ | 2837 | B++ | A- | Sep-03 |
| Gerling-Konzern Globale Ruckversicherung | Germany | 85476 | B++ | A- | Oct-02 |
| Globe Indemnity Company | US: DE | 2432 | B+ | A- | Sep-03 |
| Granite State Insurance Company | US: NY | 2360 | A++ | A++ | May-05 |
| Greenwich Insurance Co. | US:CT | 11095 | A | A+ | Jan-08 |
| Guaranty National Insurance Company | US: CO | 443 | B+ | A- | Sep-03 |
| Guaranty National Insurance Company of CT | US: CT | 11658 | B+ | A- | Sep-03 |
| Gulf Group Lloyds | US: NY | 3847 | A | A | Jul-04 |
| Gulf Insurance Company | US: NY | 2451 | A- | A | Jul-04 |
| Gulf Insurance Company U.K. Limited | UK | 87376 | A | A+ | Jun-03 |
| Gulf Insurance Group | US: CT | 446 | A | A+ | Jun-03 |
| Gulf Underwriters Insurance Company | US: NY | 11208 | A- | A | Jul-04 |
| Hanover Insurance Company | US: NH | 2225 | B++ | A- | Dec-02 |
| Hartford Accident & Indemnity Company | US: CT | 02230 | A15 | A+15 | Feb-09 |
| Hartford Casualty Insurance Company | US:CT | 02229 | A15 | A+15 | Feb-09 |
| Hartford Fire Insurance Company | US:CT | 02231 | A15 | A+15 | Feb-09 |
| Hartford Insurance Company of IL | US:CT | 02611 | A15 | A+15 | Feb-09 |
| Hartford Insurance Company of Midwest | US:CT | 02612 | A15 | A+15 | Feb-09 |
| Hartford Insurance Company of Southeast | US:CT | 02613 | A15 | A+15 | Feb-09 |
| Hartford Lloyds Insurance Company | US:TX | 02614 | A15 | A+15 | Feb-09 |
| Hartford Underwriters Insurance Compnay | US:CT | 02232 | A15 | A+15 | Feb-09 |
| Hartford Steam Boiler Group | US:CT | 3961 | A+ | A++ | June-08 |
| Hartford Steam Boiler Inspec. & Ins. | US: CT | 465 | A+ | A++ | June-08 |
| Hartford Steam Boiler Inspec. & Ins. of CT | US: CT | 11074 | A++ | A++ | May-05 |
| HSB Engineering Ins. Limited | UK | 86999 | A+ | A++ | June-08 |

6/15/2010

| Indian Harbor Insurance Co. | US:CT | 11340 A | A+ | Jan-08 |

| | | | | | |
|---|---|---|---|---|---|
| - | Illinois National Insurance Co. | US: IL | 2361 | A++ | A++ | May-05 |
| - | Insurance Company of the State of PA | US: NY | 2035 | A++ | A++ | May-05 |
| - | Kanawha Insurance Company | US: SC | 6604 | A- | A | Apr-03 |
| - | Kemper Casualty Insurance Company | US: IL | 12301 | D | C++ | Jun-03 |
| - | Kemper Commercial Insurance Company | US: IL | 12291 | D | C++ | Jun-03 |
| - | Kemper Indemnity Insurance Company | US: IL | 12183 | D | C++ | Jun-03 |
| - | Kemper Insurance Companies | US: IL | 4427 | D | C++ | Jun-03 |
| - | Kemper Lloyds Insurance Company | US: IL | 1759 | D | C++ | Jun-03 |
| - | Kemper Surplus Lines Insurance Company | US: IL | 12229 | D | C++ | Jun-03 |
| - | Landmark American Insurance Company | US: OK | 3688 | A- | A | Oct-02 |
| - | Landmark Insurance Company | US: MA | 3756 | A++ | A++ | May-05 |
| - | Lexington Insurance Company | US: MA | 2350 | A++ | A++ | May-05 |
| - | Liberty Mutual Fire Insurance Company | US: MA | 2282 | A | A+ | Mar-03 |
| - | Liberty Mutual Insurance Companies | US: MA | 60 | A | A+ | Mar-03 |
| - | Liberty Northwest Insurance Corporation | US: OR | 1814 | A | A+ | Mar-03 |
| - | Liberty Surplus Insurance Corporation | US: MA | 12078 | A | A+ | Mar-03 |
| - | LM Insurance Corporation | US: MA | 10765 | A | A+ | Mar-03 |
| - | Lumbermens Underwriting Alliance | US: MO | 2296 | B | B++ | Jun-03 |
| - | Maine Bonding & Casualty Company | US:IL | 02304 | NR-3 | A15 | July-09 |
| - | Massachusetts Bay Insurance Company | US: NH | 2226 | B++ | A- | Dec-02 |
| - | Medical Protective Company | US: IN | 591 | A+ | A++ | Dec-02 |
| - | Minnesota Insurance Company | US: DE | 11587 | A++ | A++ | May-05 |
| - | National Union Fire Ins. Co. of LA | US: LA | 10725 | A++ | A++ | May-05 |
| - | National Union Fire Ins. Co. Pittsburgh, PA | US: NY | 2351 | A++ | A++ | May-05 |
| - | New Hampshire Indemnity Co., Inc. | US: GA | 577 | A++ | A++ | May-05 |
| - | New Hampshire Ins. Co. | US: NY | 2363 | A++ | A++ | May-05 |
| - | Nutmeg Insurance Co., Ltd. | US:CT | 02706 | A15 | A+15 | Feb-09 |
| - | Pacific Eagle Insurance Company | US: CA | 10627 | C++ | B | Jun-03 |
| - | Pacific Insurance Co., Ltd. | US:MA | 11654 | A15 | A+15 | Feb-09 |
| - | Peerless Insurance Company | US: NH | 2394 | A | A+ | Mar-03 |
| - | Pennsylvania Manufacturers Association Insurance Co. | US: PA | 760 | B++ | A- | Nov-03 |
| - | Pennsylvania Manufacturers Indemnity Co. | US: PA | 1733 | B++ | A- | Nov-03 |
| - | Phoenix Assurance Co. of New York | US: NY | 2400 | B+ | A- | Sep-03 |
| - | PMA Capital Corporation | US: PA | 58446 | B++ | A- | Nov-03 |
| - | PMA Capital Insurance Company | US: PA | 2707 | B+ | B++ | Aug-04 |
| - | PMA Capital Insurance Company | US: PA | 2707 | A- | A | Feb-03 |
| - | PMA Capital Insurance Group | US: PA | 18436 | B++ | A- | Nov-03 |
| - | PMA Insurance Group | US: PA | 18200 | B++ | A- | Nov-03 |
| - | Property & Casualty Insurance Co. of Hartford | US:CT | 10777 | A15 | A+15 | Feb-09 |
| - | Quanta Specialty Lines Ins. Co. | US: IN | 12546 | B++ | A- | Mar-06 |
| - | Quanta Indemnity Company | US: CO | 12644 | B++ | A- | Mar-06 |
| - | Royal & SunAlliance | US: NC | 18566 | B | B+ | Nov-03 |
| - | Royal Indemnity Company | US: DE | 2438 | B+ | A- | Sep-03 |

| | | | | | |
|---|---|---|---|---|---|
| Royal Insurance Company of America | US: IL | 2437 | B+ | A- | Sep-03 |
| Royal Lloyds of Texas | US: TX | 2702 | B+ | A- | Sep-03 |
| Royal Surplus Lines Insurance Company | US: CT | 1745 | B+ | A- | Sep-03 |
| Safeguard Insurance Company | US: CT | 2440 | B+ | A- | Sep-03 |
| Security Insurance Company of Hartford | US: CT | 2457 | B+ | A- | Sep-03 |
| Select Insurance Company | US: TX | 2222 | A- | A | Jul-04 |
| Sentinel Insurance Co., Ltd. | US:CT | 02234 | A15 | A+15 | Feb-09 |
| Sirius America Insurance Company | US: DE | 3758 | A | A- | Aug-06 |
| South Carolina Insurance Company | US: SC | 840 | E | NR | Oct-02 |
| Specialty National Insurance Company | US: IL | 12302 | D | C++ | Jun-03 |
| Specialty Surplus Insurance Company | US: IL | 12349 | D | C++ | Aug-03 |
| Starr Excess Liability Ins. Co., Ltd. | US: NY | 12244 | A++ | A++ | May-05 |
| Travelers Property Casualty Company | US: CT | 11027 | A+ | A++ | Apr-04 |
| Trumbull Insurance Co. | US:CT | 02610 | A15 | A+15 | Feb-09 |
| Trustmark Insurance Company | US: IL | 6165 | B++ | A- | Jan-05 |
| Twin City Fire Insurance Co. | US:CT | 02235 | A15 | A+15 | Feb-09 |
| United National Insurance Company | US: PA | 3128 | A | A+ | Aug-03 |
| Wausau Business Insurance Company | US: WI | 2550 | A | A+ | Mar-03 |
| Wausau General Insurance Company | US: WI | 4274 | A | A+ | Mar-03 |
| Wausau Underwriters Insurance Company | US: WI | 956 | A | A+ | Mar-03 |
| Westport Insurance Corporation | US: MO | 2301 | A | A+ | Jun-03 |
| XL Insurance America, Inc | US:CT | 02423 | A | A+ | Jan-08 |
| XL Specialty Insurance Co. | US:CT | 00779 | A | A+ | Jan-08 |
| XL Lloyds Insurance Co. | US:TX | 12708 | A | A+ | Jan-08 |

### International

| | | | | | |
|---|---|---|---|---|---|
| (AIG) American International Insurance Companies | US: NY | 03641 | A | A+ | Sept-08 |
| Alea London Limited | UK | 85333 | NR-4 | B++ | Jan-06 |
| Associated Electric & Gas Services (AEGIS) | Bermuda | 85055 | A- | A | May-09 |
| Great-West Life Assurance Company | Canada: Manitoba | 6493 | A+ | A++ | Jul-03 |
| Harrington International Insurance Ltd | Bermuda | 86498 | NR-5 | A | Dec-02 |
| Phoenix Assurance plc | UK | 86154 | NR-5 | B++ | Oct-02 |
| Quanta Reinsurance U.S. Ltd. | Bermuda | 76086 | B++ | A- | Mar-06 |
| Quanta Insurance Group | Bermuda | 89073 | B++ | A- | Mar-06 |
| RVI Guaranty Co., Ltd. | Bermuda | 88589 | B++ | A- | Feb-09 |
| SCOR | France | 85027 | B++ | A- | Sep-03 |
| Steamship Mutual Underwriting Assoc. Ltd. | UK | 89448 | B++ | A- | Mar-07 |
| Steamship Mutual Underwriting Assoc. (Bermuda) | UK | 87133 | B++ | A- | Mar-07 |
| Swiss Reinsurance Company | Switzerland: Zurich | 32248 | A15 | A+15 | Feb-09 |
| XL Europe Limited | Ireland: Dublin | 86202 | A | A+ | Jan-08 |

6/15/2010

# EXHIBIT J

# EXHIBIT J

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

## HISTORY

This company was incorporated under the laws of Louisiana on November 30, 1988.

Paid-in capital of $1,500,000 is comprised of 150,000 common shares with a par value of $10 each. All authorized shares are outstanding.

## MANAGEMENT

All of the outstanding shares of the company are held by National Union Fire Insurance Company of Pittsburgh, Pa., which is ultimately owned by American International Group, Inc.

**Officers:** Chairman of the Board and President, Kristian P. Moor; Senior Vice President and Treasurer, Robert S. H. Schimek; Senior Vice President and Actuary, Frank H. Douglas, Jr.; Senior Vice President and General Counsel, Kenneth V. Harkins; Senior Vice Presidents, Charles H. Dangelo, Robert P. Hubbard, William P. Kane, Jr., Charles R. Schader; Vice President and Comptroller, Richard T. Pisano; Vice Presidents, Claude J. Broussard, Jr., Carl E. Chamberlain, Agustin Formoso, Jr., Andrew R. Holland, Gary E. Muoio, James C. Roberts, James J. Rowland, Richard Ruggiano, Ronald J. Topping; Secretary, Elizabeth M. Tuck.

**Directors:** Charles H. Dangelo, Neil A. Faulkner, David N. Fields, David L. Herzog, Kristian P. Moor, Win J. Neuger, Robert S. H. Schimek.

## REGULATORY

An examination of the financial condition is being made as of December 31, 2005 by the Insurance Department of Louisiana. The 2006 annual independent audit of the company was conducted by PricewaterhouseCoopers, LLP. The annual statement of actuarial opinion is provided by Frank H. Douglas, Jr., MAAA, ACAS, Senior Vice President and Actuary.

**Territory:** The company is licensed in AL, AR, GA, KY, LA, MS, TN, TX and WV.

## REINSURANCE PROGRAMS

For business in Louisiana, commercial lines are 100% reinsured by the parent and personal lines are 100% reinsured by Audubon Insurance Company. In all other states Audubon Insurance Company reinsurers 100% of all lines. All lines are subject to the reinsurance covers of these two companies.

## BALANCE SHEET

### ADMITTED ASSETS ($000)

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Bonds | 4,139 | 5,047 | 44.8 | 56.5 |
| Cash & short-term invest | 3,591 | 99 | 38.8 | 1.1 |
| Total invested assets | 7,730 | 5,146 | 83.6 | 57.6 |
| Premium balances | 53 | 26 | 0.6 | 0.3 |
| Accrued interest | 47 | 61 | 0.5 | 0.7 |
| All other assets | 1,417 | 3,696 | 15.3 | 41.4 |
| Total assets | 9,247 | 8,929 | 100.0 | 100.0 |

### LIABILITIES & SURPLUS ($000)

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Conditional reserve funds | | 21,765 | | 243.8 |
| All other liabilities | 2,929 | 2,885 | 31.7 | 32.3 |
| Total liabilities | 2,929 | 24,650 | 31.7 | 276.1 |
| Capital & assigned surplus | 2,500 | 2,500 | 27.0 | 28.0 |
| Unassigned surplus | 3,818 | -18,221 | 41.3 | -99.9 |
| Total policyholders' surplus | 6,318 | -15,721 | 68.3 | -99.9 |
| Total liabilities & surplus | 9,247 | 8,929 | 100.0 | 100.0 |

### SUMMARY OF 2006 OPERATIONS ($000)

| Statement of Income | 12/31/06 | Funds Provided from Operations | 12/31/06 |
|---|---|---|---|
| Premiums earned | | Premiums collected | |
| Losses incurred | | Benefit & loss related pmts | |
| Undrw expenses incurred | | LAE & undrw expenses paid | |
| Net underwriting income | | Undrw cash flow | |
| Net investment income | 333 | Investment income | |
| Other income/expense | 109 | Other income/expense | |
| Pre-tax oper income | 442 | Pre-tax cash operations | |
| Income taxes incurred | 179 | Income taxes pd (recov) | |
| Net income | 263 | Net oper cash flow | |

◆

**American International Group Inc**
Ultimate Parent: **American International Group, Inc**
# NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.
Harrisburg, PA
70 Pine Street, New York, NY 10270
Web: www.aig.com

Tel: 212-770-7000
AMB#: 02351   NAIC#: 19445
Ultimate Parent#: 58702   FEIN#: 25-0687550

## BEST'S RATING

Based on our opinion of the consolidated Financial Strength of the members of American International Group, which operate under a business pooling arrangement, each pool member is assigned a Best's Rating of A+ (Superior). The company is assigned the Financial Size Category of Class XV, which is the Financial Size Category of the pool. Refer to the Preface for a complete explanation of Best's Rating system and procedure.

## RATING RATIONALE

For a detailed discussion of the rating rationale, refer to the report on American International Group.

**Best's Rating: A+ p**   **Outlook: Stable**

### FIVE YEAR RATING HISTORY
Rating as of July 23, 2007: A+ p

| Date | Best's Rating | Date | Best's Rating |
|---|---|---|---|
| 06/13/07 | A+ p | 06/29/04 | A++p |
| 06/13/06 | A+ p | 06/24/03 | A++p |
| 05/04/05 | A+ pu | 02/04/03 | A++p |
| 03/15/05 | A++pu | 09/17/02 | A++p |

### KEY FINANCIAL INDICATORS ($000)

| | Statutory Data | | | | |
|---|---|---|---|---|---|
| Period Ending | Direct Premiums Written | Net Premiums Written | Pretax Operating Income | Net Income | Total Admitted Assets | Policy-holders' Surplus |
| 2002 | 4,745,988 | 4,640,252 | -284,188 | 595,110 | 16,458,602 | 5,885,... |
| 2003 | 5,727,403 | 6,113,824 | 528,522 | 292,374 | 20,810,822 | 6,899,... |
| 2004 | 6,361,956 | 7,029,299 | 382,335 | 326,390 | 25,702,189 | 7,376,... |
| 2005 | 5,588,284 | 7,086,979 | -20,692 | 131,915 | 28,761,725 | 8,120,... |
| 2006 | 5,405,358 | 7,813,847 | 1,254,058 | 1,120,855 | 31,667,494 | 10,420,... |

| | Profitability | | Leverage | | Liquidity |
|---|---|---|---|---|---|
| Period Ending | Comb. Ratio | Inv. Yield (%) | Pretax ROR (%) | NA Inv Lev | NPW to PHS | Net Lev. | Overall Liq. (%) | Oper... |
| 2002 | 114.3 | 4.1 | -7.2 | 32.0 | 0.8 | 2.5 | 161.4 | 159... |
| 2003 | 96.8 | 4.0 | 9.8 | 26.7 | 0.9 | 2.8 | 153.8 | 30... |
| 2004 | 105.9 | 4.9 | 5.8 | 28.9 | 1.0 | 3.3 | 142.9 | 12... |
| 2005 | 110.0 | 3.8 | -0.3 | 29.7 | 0.9 | 3.3 | 140.7 | 12... |
| 2006 | 93.4 | 3.3 | 16.3 | 25.0 | 0.7 | 2.7 | 150.0 | 14... |
| 5-Yr | 103.1 | 4.0 | 6.1 | | | | | |

(*) Data reflected within all tables of this report has been compiled from the company's statutory statement. Within several financial tables of this report, this company is compared against the Commercial Casualty Composite.

## BUSINESS REVIEW

For a detailed discussion of business review, refer to the report of American International Group.

**Affiliations:** Inland Marine Underwriters Association, Insurance Services Office,; National Automobile Theft Bureau, National Council on Compensation Insurance, Surety Association of America.

## 2006 BUSINESS PRODUCTION AND PROFITABILITY ($000)

| Product Line | Premiums Written— Direct | Premiums Written— Net | % of Total NPW | Pure Loss Ratio | Loss & LAE Res. |
|---|---|---|---|---|---|
| Workers' Comp | 446,545 | 2,465,478 | 31.6 | 64.0 | 4,027,214 |
| Oth Liab Cl-Made | 1,491,820 | 1,379,083 | 17.6 | 57.2 | 2,757,147 |
| Oth Liab Occur | 1,281,578 | 1,179,077 | 15.1 | 63.6 | 3,606,406 |
| Priv Pass Auto Liab | 78,058 | 441,874 | 5.7 | 63.0 | 303,996 |
| Group A & H | 648,838 | 425,379 | 5.4 | 43.2 | 120,698 |
| Auto Physical | 130,716 | 361,151 | 4.6 | 55.1 | 53,098 |
| Com'l Auto Liab | 131,286 | 327,898 | 4.2 | 56.5 | 414,231 |
| Aircraft | 213,454 | 255,624 | 3.3 | 38.5 | 255,392 |
| Fire | 47,519 | 190,709 | 2.4 | 11.6 | 97,560 |
| Com'l MultiPeril | 99,494 | 174,728 | 2.2 | 27.9 | 166,245 |
| Inland Marine | 229,085 | 96,829 | 1.2 | 120.8 | 131,413 |
| Fidelity | 201,153 | 92,031 | 1.2 | 90.1 | 150,859 |
| All Other | 405,812 | 423,986 | 5.4 | 90.7 | 817,720 |
| Totals | 5,405,358 | 7,813,847 | 100.0 | 60.3 | 12,901,979 |

**Major 2006 Direct Premium Writings by State ($000):** California, $772,269 (14.3%); New York, $447,478 (8.3%); Florida, $315,642 (5.8%); Texas, $298,279 (5.5%); Delaware, $230,571 (4.3%); 47 other jurisdictions, $2,762,934 (51.1%); Canada, $7 (0.0%); Aggregate Alien, $578,177 (10.7%).

## CAPITALIZATION

For a detailed discussion of capitalization, refer to the report of American International Group.

### CAPITAL GENERATION ANALYSIS ($000)

| Period Ending | Pretax Operating Income | Total Inv. Gains | Net Contrib. Capital | Other, Net of Tax | Change in PHS | PHS Growth (%) |
|---|---|---|---|---|---|---|
| | | | Source of Surplus Growth | | | |
| 2002 | -284,188 | -275,016 | -123,436 | 156,985 | -525,656 | -8.2 |
| 2003 | 528,522 | 646,890 | -216,204 | 54,991 | 1,014,199 | 17.2 |
| 2004 | 382,335 | 642,920 | -63,416 | -484,273 | 477,566 | 6.9 |
| 2005 | -20,692 | 742,375 | 102,080 | -80,420 | 743,343 | 10.1 |
| 2006 | 1,254,058 | 1,421,841 | — | -375,852 | 2,300,047 | 28.3 |
| 5-Yr | 1,860,035 | 3,179,010 | -300,977 | -728,569 | 4,009,499 | — |

## HISTORY

The company as incorporated on February 14, 1901 under the laws of Pennsylvania.

Paid-in capital is $4,478,750, consisting of 895,750 shares of capital stock at a par value of $5 per share. The company has 1,000,000 shares authorized.

## MANAGEMENT

All of the outstanding shares of the company are held by AIG Commercial Insurance Group, Inc., which is ultimately owned by American International Group, Inc.

**Officers:** Chairman of the Board, Kristian P. Moor; President, John Q. Doyle; Executive Vice President and Chief Operating Officer, Gregory J. Flood; Senior Vice President and Treasurer, Robert S. H. Schimek; Senior Vice President and Actuary, Frank H. Douglas, Jr.; Senior Vice President and General Counsel, Kenneth V. Harkins; Senior Vice Presidents, John R. Benedetto, Christopher V. Blum, Charles H. Dangelo, Heather Fox, Irwin H. Goldfarb, Brian R. Inselberg, Peter J. McKenna, Scott A. Meyer, John A. Rudolf, Charles R. Schader, Michael W. Smith, Nicholas C. Walsh, Mark T. Willis, Douglas M. Worman; Vice President and Comptroller, Richard T. Pisano; Vice Presidents, Carl E. Chamberlain, John G. Colona, Daniel F. Conway, Kenneth B. Cornell, Agustin Formoso, Jr., Vincent P. Forte, Lucy A. Galioto, Andrew R. Holland, Louis P. Iglesias, Russell M. Johnston, Gary E. Muoio, James C. Roberts, James J. Rowland, Richard Ruggiano, Robert E. Staples, Ronald J. Topping, Nicholas S. Tyler; Secretary, Elizabeth M. Tuck.

**Directors:** Merton B. Aidinoff, Charles H. Dangelo, John Q. Doyle, Neil A. Faulkner, David N. Fields, David L. Herzog, Robert E. Lewis, Kristian P. Moor, Win J. Neuger, Robert S. H. Schimek, Nicholas S. Tyler, Nicholas C. Walsh.

## REGULATORY

An examination of the financial condition is being made as of December 31, 2005 by the Insurance Department of Pennsylvania. Also participating are zonal regions represented by the Insurance Departments of California, Delaware and Mississippi. The 2006 annual independent audit of the company was conducted by PricewaterhouseCoopers, LLP. The annual statement of actuarial opinion is provided by Frank Hichmen Douglas, Jr, senior vice president and actuary.

**Territory:** The company is licensed in the District of Columbia, Guam, Puerto Rico and all states. Elsewhere it is represented by American International Underwriters. The company is also licensed in Greece, the Northern Marianas Islands, Panama, Hong-Kong, Uruguay (reinsurance only) and Mexico (reinsurance only).

## REINSURANCE PROGRAMS

The company has property catastophe protection in excess of $390,000,000 excess of $50,000,000 retention. In addition, workers compensation protection is maintained for $470,000,000 excess of $2,500,000. Reinsurance arrangements are maintained with other member companies of American International Group, Inc., as well as with other domestic and foreign reinsurers.

Principal unaffiliated reinsurers currently are Western General Insurance Ltd.; UPS Re; Hannover Ruckversichrungs AG; Swiss Reinsurance America Corp.; and General Reinsurance Corp.

## BALANCE SHEET

### ADMITTED ASSETS ($000)

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Bonds | 13,457,046 | 10,806,319 | 42.5 | 37.6 |
| Preferred stock | 10,527 | 10,150 | 0.0 | 0.0 |
| Common stock | 781,959 | 675,074 | 2.5 | 2.3 |
| Cash & short-term invest | -39,286 | 219,567 | -0.1 | 0.8 |
| Other non-affil inv asset | 1,732,629 | 1,425,398 | 5.5 | 5.0 |
| Investments in affiliates | 8,891,422 | 7,870,902 | 28.1 | 27.4 |
| Total invested assets | 24,834,297 | 21,007,409 | 78.4 | 73.0 |
| Premium balances | 2,926,053 | 2,195,252 | 9.2 | 7.6 |
| Accrued interest | 184,751 | 193,851 | 0.6 | 0.7 |
| All other assets | 3,722,392 | 5,365,213 | 11.8 | 18.7 |
| Total assets | 31,667,494 | 28,761,725 | 100.0 | 100.0 |

### LIABILITIES & SURPLUS ($000)

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Loss & LAE reserves | 12,901,979 | 11,786,300 | 40.7 | 41.0 |
| Unearned premiums | 4,403,870 | 4,291,224 | 13.9 | 14.9 |
| Conditional reserve funds | 134,981 | 201,761 | 0.4 | 0.7 |
| All other liabilities | 3,806,453 | 4,362,277 | 12.0 | 15.2 |
| Total liabilities | 21,247,283 | 20,641,561 | 67.1 | 71.8 |
| Capital & assigned surplus | 2,751,187 | 2,770,461 | 8.7 | 9.6 |
| Unassigned surplus | 7,669,024 | 5,349,703 | 24.2 | 18.6 |
| Total policyholders' surplus | 10,420,212 | 8,120,164 | 32.9 | 28.2 |
| Total liabilities & surplus | 31,667,494 | 28,761,725 | 100.0 | 100.0 |

### SUMMARY OF 2006 OPERATIONS ($000)

| Statement of Income | 12/31/06 | Funds Provided from Operations | 12/31/06 |
|---|---|---|---|
| Premiums earned | 7,701,201 | Premiums collected | 6,857,942 |
| Losses incurred | 4,645,656 | Benefit & loss related pmts | 3,569,681 |
| LAE incurred | 827,234 | | |
| Undrw expenses incurred | 1,747,380 | LAE & undrw expenses paid | 2,335,839 |
| Div to policyholders | 1,419 | Div to policyholders | 1,419 |
| Net underwriting income | 479,511 | Undrw cash flow | 951,003 |
| Net investment income | 757,517 | Investment income | 809,958 |
| Other income/expense | 17,029 | Other income/expense | 69,085 |
| Pre-tax oper income | 1,254,058 | Pre-tax cash operations | 1,830,046 |
| Realized capital gains | 40,370 | | |
| Income taxes incurred | 173,573 | Income taxes pd (recov) | -790,391 |
| Net income | 1,120,855 | Net oper cash flow | 2,620,438 |

◆

## NATIONAL UNITY INSURANCE COMPANY
15303 Huebner Road, Bldg. #1, San Antonio, TX 78248

| | |
|---|---|
| Tel: 210-479-8886 | Fax: 210-479-8860 |
| AMB#: 01902 | NAIC#: 19119 |

FEIN#: 74-2337371

### BEST'S RATING

Based on our opinion of the company's Financial Strength, it is assigned a Best's Rating of A- (Excellent). The company's Financial Size Category is Class V. Refer to the Preface for a complete explanation of Best's Rating system and procedure.

' view a company's complete **BEST'S COMPANY REPORT**, refer to **BEST'S INSURANCE REPORTS** on CD-ROM, or go online at www.ambest.com/bir

# EXHIBIT K

# EXHIBIT K

## Results Detail

Last statement filed on: 10/19/2009

| Corporation | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY | | |
| **Number:** C0200210 | **Incorporation Date:**11/1/1945 | **Status:**Active |
| **Jurisdiction:** PENNSYLVANIA | **Type:** Foreign Stock | |
| **Address** | | |
| 436 WALNUT ST, | | |
| PHILADELPHIA, PA  19106 | | |
| **Agent For Service Of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH STREET, | | |
| LOS ANGELES, CA  90017 | | |

Please review this information to determine if you have located the correct corporation.

Search Results      Continue Filing      New Search

# EXHIBIT L

# EXHIBIT L

# Best's Rating Center

United States    Asia Pacific    Canada    Europe                                                 About    Contact    Sitemap

Rating Center Home

## Search Results        Page    1 of 1      Results Per Page  20

**18 Rated or non-Rated companies found, results sorted by Company Name**
Criteria Used: Group Name: ACE INA Group (018498)
To refine your search, please use our Advanced Search or view our Online Help for more information.

**Please re-enter your login information or join our Member Center for access to Best's Credit Ratings.**

[ New Search ]                              View results starting with:  A B C D E F G H I J K L M N O P Q R S T U V W X Y Z   [ Reset List ]

| AMB# | Company Name | Domicile |
|---|---|---|
| 002257 | ACE American Insurance Company<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 018344 | ‡ ACE American Pool<br>Insurance - Property/ Casualty (Data Consolidation) | US: Pennsylvania |
| 002109 | ACE Fire Underwriters Insurance Company<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 018498 | ‡ ACE INA Group<br>Insurance - Property/ Casualty (Data Consolidation) | US: Pennsylvania |
| 003368 | ACE Indemnity Insurance Company<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 004854 | ACE Insurance Company of the Midwest<br>Insurance - Property/ Casualty (Operating Company) | US: Indiana |
| 010652 | ACE Insurance Company (Puerto Rico)<br>Insurance - Property/ Casualty (Operating Company) | US: Puerto Rico |
| 001996 | ACE Property & Casualty Insurance Co<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 002670 | Atlantic Employers Insurance Company<br>Insurance - Property/ Casualty (Operating Company) | US: New Jersey |
| 002353 | Bankers Standard Fire and Marine Company<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 004333 | Bankers Standard Insurance Company<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 004047 | Century Indemnity Company<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 003510 | Illinois Union Insurance Company<br>Insurance - Property/ Casualty (Operating Company) | US: Illinois |
| 001793 | Indemnity Insurance Company of N A<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 002259 | Insurance Company of North America<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 002262 | Pacific Employers Insurance Company<br>Insurance - Property/ Casualty (Operating Company) | US: Pennsylvania |
| 002137 | Westchester Fire Insurance Company<br>Insurance - Property/ Casualty (Operating Company) | US: New York |
| 004433 | Westchester Surplus Lines Insurance Co<br>Insurance - Property/ Casualty (Operating Company) | US: Georgia |

*Note: Financial Strength Ratings as of 06/15/2010 06:41 PM E.S.T.*

‡ *Financial Strength Ratings (FSR) are sometimes assigned to Property/Casualty - A.M. Best Consolidated Groups. Please note that Life/Health - A.M. Best Consolidated Groups and Company Consolidated Financial Statements are not assigned FSR ratings.*

\* *Denotes Under Review Best's Ratings*

Visit **Best's Rating Center** for a complete overview of our rating process and methodologies.

Important Notice: Best's Ratings reflect our independent opinion, based on a comprehensive quantitative and qualitative evaluation of a company's balance sheet strength, operating performance and business profile. These ratings are neither a warranty of a company's financial condition nor its ability to meet its financial obligations, including those to policyholders. View our entire notice for complete details.

Customer Service | Product Support | Member Center | Contact Info | Careers
About A.M. Best | Site Map | Privacy Policy | Security | Terms of Use | Legal & Licensing

Copyright © 2010 A.M. Best Company, Inc. ALL RIGHTS RESERVED.
A.M. Best Worldwide Headquarters, Ambest Road, Oldwick, New Jersey, 08858, U.S.A.

http://www3.ambest.com/ratings/RatingsSearch.asp?PPP=&bl=0&GRPNum=018498          6/15/2010

 ace group

# ANNEX C: ACE US PROPERTY AND CASUALTY INSURANCE COMPANIES AND THEIR U.S. STATE AND TERRITORY LICENSES

Current to December 31, 2009

| COMPANY NAME AND PRINCIPAL OFFICE | STATE OF DOMICILE | MAIN TELEPHONE CONTACT NO. | NAIC COMPANY CODE | JURISDICTION IN WHICH AUTHORIZED; TYPE OF BUSINESS |
|---|---|---|---|---|
| ...erican Insurance Company / ...lnut Street / ...delphia, PA 19106 | Pennsylvania | 215-640-1000 | 22667 | Admitted in all states (including D.C.), NY Free Trade Zone, PR, U.S. Virgin Islands, The Bahamas, Bermuda Permit |
| ACE Fire Underwriters Insurance Company / 436 Walnut Street / Philadelphia, PA 19106 | Pennsylvania | 215-640-1000 | 20702 | Admitted in all states (including D.C.) / Insurance and reinsurance (P&C) |
| ACE Indemnity Insurance Company / 436 Walnut Street / Philadelphia, PA 19106 | Pennsylvania | 215-640-1000 | 10030 | Admitted in all states (including D.C.), except AL, ME, NV, NH, NC, TN / Insurance and reinsurance (P&C) |
| ACE Insurance Company of the Midwest / 123 N. 9th Street / Richmond, IN 47374 | Indiana | 215-640-1000 | 26417 | Admitted in FL and LA / Insurance and reinsurance (P&C) |
| ACE Property and Casualty Insurance Company / 436 Walnut Street / Philadelphia, PA 19106 | Pennsylvania | 215-640-1000 | 20699 | Admitted in all states (including D.C.), PR / Insurance and reinsurance (P&C) / Brazil: Occasional Reinsurer |
| Atlantic Employers Insurance Company / 55 Haddonfield Road, Suite 210 / Cherry Hill, NJ 19106 | New Jersey | 215-640-1000 | 38938 | Admitted in New Jersey / Insurance and reinsurance (P&C) |
| Bankers Standard Fire and Marine Company / 436 Walnut Street / Philadelphia, PA 19106 | Pennsylvania | 215-640-1000 | 20591 | Admitted in AL, AR, CO, DE, FL, GA, ID, IA, MD, MN, MS, MO, MT, NE, NV, NM, ND, OK, OR, PA, SD, TN, TX, UT, VT / Insurance and reinsurance (P&C) |
| Bankers Standard Insurance Company / ...Walnut Street / ...lphia, PA 19106 | Pennsylvania | 215-640-1000 | 18279 | Admitted in all states (including D.C.) / Insurance and reinsurance (P&C) |
| ...y Indemnity Company / ...ors - 17th Street, Suite 1810 / Philadelphia, PA 19103 | Pennsylvania | 215-640-1000 | 20710 | In runoff |
| Illinois Union Insurance Company / 525 W. Monroe Street, Suite 400 / Chicago, IL 60661 | Illinois | 215-640-1000 | 27960 | Eligible surplus lines insurer in all states (including D.C.), except MN / Insurance and reinsurance (P&C) |

**EXHIBIT M**

**EXHIBIT M**



2 of 100 DOCUMENTS

**WARD MANUFACTURING, INC., Plaintiff and LARRY BERRY, ET AL., Involuntary Plaintiffs v. ROYAL INDEMNITY COMPANY (individually and as successor to Royal Insurance Company of America), ET AL., Defendants**

No. 4:06-CV-856

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*2006 U.S. Dist. LEXIS 49134*

July 19, 2006, Decided
July 19, 2006, Filed

**PRIOR HISTORY:** [*1] Notice of Removal filed 4/25/06.

**COUNSEL:** For Ward Manufacturing, Inc., Plaintiff: C. Edward S. Mitchell, Mitchell Gallagher, Williamsport, PA; Dennis J. Valenza, Morgan Lewis & Bockius LLP, Philadelphia, PA; John E. Failla, Leza M. Di Bella, Morgan Lewis & Bockius LLP, New York, NY US.

Larry Berry, Plaintiff, Pro se, Texarkana, AR US.

Matt Lovelis, Plaintiff, Pro se, Texarkana, AR US.

Roger Wingfield, Plaintiff, Pro se, Arkadelphia, AR US.

Mark Bledsoe, all individually and as class representatives on behalf of all similarly situated persons, Plaintiff, Pro se, Texarkana, TX US.

For Royal Indemnity Company, individually and as successor to Royal Insurance Company of America, Defendant: Anthony L. Miscioscia, Whie & Williams LLP, Philadelphia, PA US; Donald E. Elder, Tressler, Soderstron, Maloney & Priess, Chicago, IL US; Gale White, White & Williams LLP, Philadelphia, PA; Raymond E. Ginn, Jr., Ginn & Vickery, P.C., Wellsboro, PA; Shaun M. Baldwin, Tressler, Soderstrom, Maloney & Priess, Chicago, IL US; Jennifer L. Wojciechowski, White & Williams LLP, Philadelphia, PA US.

For Federal Insurance Company, Vigilant Insurance Company, Defendants: Joseph A. Arnold, [*2] Cozen O'Connor, Philadelphia, PA US.

For Mitsui Sumitomo Insurance USA Inc. formerly known as Mitsui Marine and Fire Insurance Company of America, Defendant: Kenneth M. Portner, Weber, Gallagher, Simpson, Stapleton, Firest, Newby, LLP, Philadelphia, PA.

For Ace American Insurance Company, Defendant: Edward J. Kirk, Joseph K. Powers, Sedwick, Detert, Moran & Arnold LLP, New York, NY US; Stephen L. Banko, Jr., Margolis Edelstein, Camp Hill, PA.

For Sompo Japan Insurance Company of America, Defendant: Eric A. Fitzgerald, Marshall, Dennehey, Warner, Coleman & Goggin, Scranton, PA; Robert A. Seiferth, Marshall Dennehey Warner Coleman & Goggin, Williamsport, PA.

For Tokio Marine & Nichido Fire Insurance Co., Ltd. (U.S. Branch), Defendant: Philip D. Priore, McCormick & Priore, P.C., Philadelphia, PA.

For St. Paul Fire & Marine Insurance Company, Defendant: Alan S. Miller, Bridget M. Gillespie, Picadio Sneath Miller & Norton, P.C., Pittsburgh, PA US.

For Great American Assurance Company, Defendant: Steven D. Johnson, Gibbons Del Deo Dolan Griffinger & Vecchione P.C., Philadelphia, PA US; William H. Black,

Jr., Gibbons Del Deo Dolan Griffinger & Vecchione PC, Philadelphia, [*3] PA.

For Sompo Japan Insurance Company of America, Counterclaim Plaintiff: Eric A. Fitzgerald, Marshall, Dennehey, Warner, Coleman & Goggin, Scranton, PA; Robert A. Seiferth, Marshall Dennehey Warner Coleman & Goggin, Williamsport, PA.

**JUDGES:** Malcolm Muir, U.S. District Judge.

**OPINION BY:** Malcolm Muir

**OPINION**

ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On March 27, 2006, Plaintiff Ward Manufacturing, Inc. ("Ward"), filed a complaint in the Court of Common Pleas of Tioga County, Pennsylvania (the *"Tioga County complaint"*). Ward is a Pennsylvania Corporation that manufactures pipe fittings and corrugated stainless steel tubing, a flexible stainless steal pipe used to transport natural gas in residential homes. Ward's principal place of business is at 115 Gulick Street, Blossburg, Pennsylvania. The *Tioga County complaint* was filed to address certain insurance issues flowing from a potential nationwide class action filed in Arkansas state court.

The Arkansas state court action was filed in November 2004 by Larry Berry, Matt Lovelis, Roger Winfield and Mark Bledsoe, the class representatives ("the *Berry complaint*"). The *Berry complaint* alleges that a nationwide class [*4] has suffered injury because corrugated stainless steel tubing allegedly installed in residential homes poses an unreasonable danger of fire from lighting strikes. The *Berry* plaintiffs seek to hold each manufacturer jointly and severally liable for all manufacturers' products. The *Berry* plaintiffs allege a continuing injury from the date of Ward's first manufacture and sale of the corrugated stainless steel tubing in the early 1990s to the present.

Ward names as Involuntary Plaintiffs in the *Tioga County complaint* the *Berry* plaintiffs. Ward names as Defendants several insurance companies that provide it with "primary, umbrella and excess commercial general liability insurance." Those Defendants are as follows: (1) Royal Indemnity Company (individually and as successor to Royal Insurance Company of America) ("Royal"); (2) Federal Insurance Company; (3) Vigilant Insurance Company; (4) Mitsui Sumitomo Insurance USA Inc. (formerly known as Mitsui Marine and Fire Insurance Company of America); (5) ACE American Insurance Company; (6) SOMPO Japan Insurance Company of America ("SOMPO"); (7) Tokio Marine & Nichido Fire Insurance Co., Ltd. (U.S. Branch); (8) St. Paul Fire & Marine [*5] Insurance Company; and (9) Great American Assurance Company.

In the *Tioga County complaint* Ward seeks damages, fees, costs and interest against its liability insurers under the various policies. Ward also seeks, inter alia, a declaratory judgment against its liability insurers declaring that the insurance companies are obligated to pay a judgment or settlement involving the *Berry* plaintiffs.

Ward in the *Tioga County complaint* alleges that the damage claims asserted by the *Berry* plaintiffs "exceed the total stated limits of liability of defendants' primary, umbrella and excess policies issued to Ward." See paragraph 29 of the *Tioga County complaint*. Ward asserts that the *Berry* plaintiffs' damage calculations suggest a potential liability of in excess of $ 1 billion. This is based purportedly on the cost to provide lightning protection systems for 406,900 homes. The cost for each home allegedly is $ 2500 to $ 3500.

Ward in the *Tioga County complaint* further alleges, inter alia, that it provided the insurance companies with timely notice of the class action and the potential liability it faced and that Royal and SOMPO repudiated both its defense and indemnity [*6] obligations in connection with the class action.

On April 25, 2006, SOMPO filed a notice of removal of the *Tioga County complaint* to this court. The notice of removal was based on the contention that this court has diversity jurisdiction under *28 U.S.C. § 1332*. All of the other Defendants named in the *Tioga County complaint* filed notices stating that they consented to the removal of that complaint to this court.

On May 22, 2006, Ward filed a motion to remand the action to state court. On June 6, 2006, Ward filed a brief in support of that motion. On June 26, 2006, SOMPO, Royal, Great American Assurance Company, St. Paul Fire & Marine Insurance Company, and ACE American Insurance Company, filed briefs in opposition to Ward's motion to remand. On June 30, 2006, Vigilant Insurance Company and Federal Insurance Company filed a brief in opposition. The motion became ripe for disposition on July 14, 2006, with the filing of Ward's consolidated reply brief. We see no need for oral argument on the motion.

*28 U.S.C. § 1332* gives this court jurisdiction to entertain a lawsuit if there is diversity of citizenship and the amount in controversy [*7] exceeds $ 75,000.00. Defendants removed this action to this court pursuant to *28 U.S.C. § 1441(a)* which states in pertinent part that "any civil action brought in a State court of which the district

2006 U.S. Dist. LEXIS 49134, *

courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Defendants contends that the grounds for removal are that the parties to the action are citizens of different states and the amount in controversy exceeds $ 75,000.00.

The diversity of citizenship prong of the above test for removal requires complete diversity between the parties. *Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 79, 62 S. Ct. 15, 86 L. Ed. 47 (1941)* (to satisfy the diversity requirement, there must be complete diversity of citizenship among the parties, that is, the citizenship of each plaintiff must be different from the citizenship of each defendant). The Court of Appeals for this circuit stated that "[i]t is axiomatic that the federal diversity jurisdiction depends on complete diversity between all plaintiffs and all defendants. [*8] " *Development Fin. Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 158 (3d Cir. 1995)*.

The Defendants have the burden of establishing that removal was warranted. *Dukes v. U.S. Health Care, 57 F.3d 350, 359 (3d Cir. 1995)*. Furthermore, the removal statutes are to be strictly construed and all doubts with respect to this court's subject-matter jurisdiction to entertain a case are to be resolved in favor of remand. *Brown v. Francis, 75 F.3d 860, 865, 33 V.I. 385 (3d Cir. 1996)*.

The key question before the court is whether or not we have diversity jurisdiction to entertain the present action. It is undisputed that the Plaintiff Ward and Defendant ACE American Insurance Company are citizens of Pennsylvania. Ward argues in its motion that removal of this case to federal court was improper because the existence of ACE American Insurance Company as a non-diverse Defendant invalidates the basis of diversity jurisdiction. We agree with Ward. According to the Court of Appeals for the Third Circuit

[i]t is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. [*9] " *Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985)*.

Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. *Id*. In so ruling the district court must assume as true all factual allegations of the complaint, *Green v. Amerada Hess Corp., 707*

*F.2d 201, 205 (5th Cir. 1983), cert. denied, 464 U.S. 1039, 104 S. Ct. 701, 79 L. Ed. 2d 166 (1984),* . . . .

*Steel Valley Authority v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)* (footnote deleted) (emphasis added). There is clearly a lack of diversity of citizenship and Defendants have not demonstrated that ACE American Insurance Company was fraudulently named to defeat diversity. Courts have consistently held that

[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. . . . Joinder is fraudulent "'where [*10] there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" . . . But, "'[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'"

*Batoff v. State Farm, Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)* (citations omitted). The Court of Appeals for the Third Circuit in Batoff further held that unless the claim against the allegedly non-diverse defendant may be characterized as "wholly insubstantial and frivolous," the case should be remanded. *Id., at 852*.

In this case Ward, as noted infra, has alleged that the damage claims asserted by the *Berry* plaintiffs "exceed the total stated limits of liability of defendants' primary, umbrella and excess policies issued to Ward." ACE American Insurance Company is alleged to have issued to Ward an excess liability policy for the April 1, 2005, to April 1, 2006, period [*11] with a per occurrence and aggregate limit of $ 25 million. The allegations in Ward's complaint establish a factual basis for its declaratory judgment action against ACE American Insurance Company.

When ruling on a motion to remand, we are not authorized to evaluate thoroughly the asserted claims. As noted by the Court of Appeals for this circuit in Batoff

[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.

*Id. at 851.* Ward is seeking a declaratory judgment against ACE American Insurance Company and the other Defendants with respect to its rights and the insurance companies duties under numerous insurance policies. Based on the information presented to us, we cannot characterize Ward's action against ACE American Insurance Company as wholly insubstantial and frivolous. With a potential liability of $ 1 billion in the Arkansas state court action, the claim that ACE American Insurance Company was fraudulently joined is devoid of merit. [1]

> 1 We note that Ward contends that in 2003 ACE American Insurance Company's coverage would respond once claims totaling $ 28 million for that year were incurred and in 2004 and 2005 the response would be triggered once claims totaling $ 28 and $ 36 million, respectively, were reached. It is also claimed that the total amount of insurance available under the policies issued by Defendants is $ 550 million which is far less than the potential compensatory damages if the Arkansas case is certified as a class action. Ward further argues that under applicable law it may allocate loss to whatever policy year or years it prefers. Consequently, Ward could decide, for example, to allocate a judgment or settlement in the *Berry* action first to 2004-2005 policy year. In that event Ward claims that under the policies, SOMPO would be obligated to pay the first $ 11 million of loss, defendant Mitsui Sumitomo Insurance USA, Inc., would pay the next $ 10 million of loss, St. Paul Fire & Marine Insurance Company would pay the next $ 5 million of loss, and ACE American Insurance Company would

pay the next $ 25 million. Under this joint and several liability approach, if the *Berry* plaintiffs obtained a judgment or settlement of $ 26 million, only 2.5 percent of the amount that plaintiffs claim in compensatory damages, the ACE American Insurance Company policy would be reached. Ward also points out that attorneys for the *Berry* plaintiffs have claimed that Arkansas cases support an attorney's fee award of up to 35% of the value of the benefit made available to the *Berry* class members in connection with any judgment or settlement.

[*12] Under the circumstances presented, there are many doubts regarding the jurisdiction of this court to entertain this action. Consequently, we will comply with the requirement that all doubts be resolved in favor of remand.

Ward has also in its motion requested attorney's fees and costs. We will deny that request without prejudice to Ward's right to file a separate motion seeking such relief accompanied by a brief.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. SOMPO's motion for oral argument (Doc. 99) is denied.

2. Ward's' motion to remand (Doc. 67 is granted.

3. This case is remanded to the Court of Common Pleas of Tioga County, Pennsylvania.

4. Ward's request for counsel fees and costs is denied without prejudice.

5. The Clerk of Court shall close the file in this case. Jurisdiction is retained, however, to act on any motion by Ward for counsel fees and costs.

s/Malcolm Muir

U.S. District Judge

# EXHIBIT N

# EXHIBIT N

**RLI INSURANCE COMPANY**

## SUMMARY OF 2006 OPERATIONS ($000)

| Statement of Income | 12/31/06 | Funds Provided from Operations | 12/31/06 |
|---|---|---|---|
| Premiums earned | 512 | Premiums collected | 2,091 |
| Losses incurred | 273 | Benefit & loss related pmts | 52 |
| LAE incurred | 107 | | |
| Undrw expenses incurred | 281 | LAE & undrw expenses paid | 145 |
| Net underwriting income | -149 | Undrw cash flow | 1,894 |
| Net investment income | 1,768 | Investment income | 1,864 |
| Other income/expense | 3 | Other income/expense | 3 |
| Pre-tax oper income | 1,622 | Pre-tax cash operations | 3,761 |
| Income taxes incurred | 286 | Income taxes pd (recov) | 404 |
| Net income | 1,337 | Net oper cash flow | 3,357 |

## 2006 BUSINESS PRODUCTION AND PROFITABILITY ($000)

| Product Line | Direct | Net | % of Total NPW | Pure Loss Ratio | Loss & LAE Res. |
|---|---|---|---|---|---|
| Oth Liab Occur | 72,876 | 64,145 | 28.0 | 30.3 | 130,495 |
| Surety | 63,589 | 60,563 | 26.4 | 8.1 | 31,788 |
| Comm'l Auto Liab | 64,672 | 38,811 | 16.9 | 42.4 | 86,804 |
| Ocean Marine | 26,919 | 21,810 | 9.5 | 66.0 | 9,955 |
| Oth Liab Cl-Made | 65,222 | 12,633 | 5.5 | -3.4 | 34,469 |
| Auto Physical | 8,195 | 8,429 | 3.7 | 46.1 | 5,575 |
| Homeowners | 9,541 | 8,115 | 3.5 | 20.1 | 846 |
| Earthquake | 6,835 | 6,679 | 2.9 | 1.5 | 270 |
| Fire | 1,607 | 5,691 | 2.5 | 15.3 | 4,930 |
| All Other | 12,253 | 2,548 | 1.1 | 242.2 | 53,886 |
| Totals | 331,709 | 229,424 | 100.0 | 32.7 | 359,018 |

**Major 2006 Direct Premium Writings by State ($000):** New York, $46,756 (14.1%); California, $31,167 (9.4%); Florida, $28,766 (8.7%); Texas, $25,929 (7.8%); New Jersey, $17,997 (5.4%); 47 other jurisdictions, $167,064 (50.4%); Aggregate Alien, $14,030 (4.2%).

## CAPITALIZATION
For a detailed discussion of capitalization, refer to the report of RLI Group.

### CAPITAL GENERATION ANALYSIS ($000)

| Period Ending | Pretax Operating Income | Total Inv. Gains | Net Contrib. Capital | Other, Net of Tax | Change in PHS | PHS Growth (%) |
|---|---|---|---|---|---|---|
| 2002 | 15,946 | -23,221 | 112,118 | 4,736 | 109,579 | 37.6 |
| 2003 | 31,132 | 74,626 | 44,472 | -4,913 | 145,317 | 36.2 |
| 2004 | 45,366 | 50,930 | -4,586 | -32,330 | 59,381 | 10.9 |
| 2005 | 46,707 | 68,711 | -13,008 | -17,830 | 84,580 | 14.0 |
| 2006 | 56,055 | 70,734 | -59,496 | -10,934 | 56,359 | 8.2 |
| 5-Yr | 195,206 | 241,780 | 79,500 | -61,271 | 455,216 | ... |

## HISTORY
The company was incorporated on July 7, 1969, under the laws of Illinois, to become successor to the United Founders Mutual Insurance Company (organized in 1959). The assets and liabilities of the mutual insurance carrier were taken over by the United Founders National Insurance Company as of November 30, 1969, after the repayment of the guaranty fund certificates of the mutual. The company operated as the United Founders National Insurance Company until July 20, 1973, when the present title was adopted.

Common capital stock of $10,000,375 consists of 80,003 shares at $125 par value each. The company has 1 million authorized common shares.

## MANAGEMENT
All outstanding capital stock is owned by RLI Corp., a publicly traded holding company, which formerly owned the predecessor mutual company's outstanding guaranty fund certificates.

The affairs of the company are under the direction of chairman and chief executive officer, Jonathan E. Michael; president and chief operating officer, Michael J. Stone; and senior vice president and chief financial officer, Joseph E. Dondanville. Prior to joining the company in 1982, Mr. Dondanville served with Coopers & Lybrand and was promoted to his current position in 2001. Mr. Stone joined RLI in 1996, after a career with The Travelers Insurance Company. Mr. Dondanville was associated with Arthur Andersen & Co. before joining the company in 1984.

Under the same general management are the wholly-owned subsidiaries, Mt. Hawley Insurance Company, licensed in December 1979 to write surplus lines business, and RLI Indemnity Company.

**Officers:** Chairman and Chief Executive Officer, Jonathan E. Michael; President and Chief Operating Officer, Michael J. Stone; Chief Information Officer, Carol J. Denzer; Senior Vice President and Chief Financial Officer, Joseph E. Dondanville; Vice President and General Counsel, Daniel O. Kennedy; Vice Presidents, Seth A. Davis (Internal Audit), Donald J. Driscoll (Claims), Jeffrey D. Fick (Human Resources), Aaron H. Jacoby (Corporate Development), Craig W. Kliethermes (Actuarial Services), Andrew B. McCray (Home Office Underwriting); Secretary, Jean M. Stephenson; Treasurer, John E. Robison.

**Directors:** Joseph E. Dondanville, Donald J. Driscoll, Jeffrey D. Fick, Aaron H. Jacoby, Jonathan E. Michael, Michael J. Stone.

## REGULATORY
An examination of the financial condition was made as of December 31, 2003 by the Insurance Department of Illinois. The 2006 annual independent audit of the company was conducted by KPMG, LLP. The annual statement of actuarial opinion is provided by Phillip S. Moore, AVP-Actuarial Services, RLI Insurance Company.

**Territory:** The company is licensed in the District of Columbia, Puerto Rico and all states.

---

## RLI Group
Ultimate Parent: **RLI Corp.**

### RLI INSURANCE COMPANY
9025 North Lindbergh Drive, Peoria, IL 61615
Web: www.rlicorp.com

Tel: 309-692-1000
AMB#: 04210
Ultimate Parent#: 58460

Fax: 309-692-1068
NAIC#: 13056
FEIN#: 37-0915434

### BEST'S RATING
Based on our opinion of the consolidated Financial Strength of the company and its insurance subsidiaries, the company is assigned a Best's Rating of A+ (Superior). The company's Financial Size Category is Class XI. Refer to the Preface for a complete explanation of Best's Rating system and procedure.

### RATING RATIONALE
For a detailed discussion of the rating rationale, refer to the report of RLI Group.

Best's Rating: A+ g

Outlook: Stable

### FIVE YEAR RATING HISTORY
Rating as of July 23, 2007: A+ g

| Date | Best's Rating | Date | Best's Rating |
|---|---|---|---|
| 05/03/07 | A+ g | 05/27/04 | A+ g |
| 05/23/06 | A+ g | 06/13/03 | A g |
| 06/27/05 | A+ g | | |

### KEY FINANCIAL INDICATORS ($000)

| Period | Direct Premiums Written | Net Premiums Written | Pretax Operating Income | Net Income | Total Admitted Assets | Policy-holders' Surplus |
|---|---|---|---|---|---|---|
| | 402,694 | 226,450 | 15,946 | 6,529 | 895,084 | 401,269 |
| | 375,428 | 246,228 | 31,132 | 34,111 | 1,127,913 | 546,586 |
| | 353,348 | 244,893 | 45,366 | 35,868 | 1,216,034 | 605,967 |
| /05 | 339,346 | 216,545 | 46,707 | 35,898 | 1,300,271 | 690,547 |
| '06 | 331,709 | 229,424 | 56,055 | 35,711 | 1,366,310 | 746,905 |

| | Comb. Ratio | Inv. Yield (%) | Pretax ROR (%) | NA Inv Lev | NPW to PHS | Net Lev. | Overall Liq. (%) | Oper. Cash-flow (%) |
|---|---|---|---|---|---|---|---|---|
| | 102.0 | 3.1 | 7.1 | 39.7 | 0.6 | 1.8 | 181.5 | 129.2 |
| | 100.1 | 3.2 | 12.4 | 34.6 | 0.5 | 1.5 | 194.3 | 144.0 |
| | 93.5 | 2.6 | 18.2 | 33.5 | 0.4 | 1.4 | 200.2 | 128.7 |
| /05 | 95.7 | 2.9 | 20.9 | 31.0 | 0.3 | 1.2 | 214.9 | 131.7 |
| '06 | 89.6 | 2.6 | 24.6 | 33.2 | 0.3 | 1.1 | 222.0 | 119.0 |
| | 96.2 | 2.9 | 16.6 | ... | ... | ... | ... | ... |

(a) Data reflected within all tables of this report has been compiled from the company-filed annual statement. Within several financial tables of this report, this company is compared with the Commercial Casualty Composite.

## BUSINESS REVIEW
For a detailed discussion of business review, refer to the report of RLI Group.

*To view a company's complete BEST'S COMPANY REPORT, refer to BEST'S INSURANCE REPORTS on CD-ROM, or go online at www.ambest.com/bir*

3591

-49-

## REINSURANCE PROGRAMS

For a detailed discussion of reinsurance, refer to the report of RLI Group.

### BALANCE SHEET
#### ADMITTED ASSETS ($000)

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Bonds | 570,395 | 571,646 | 41.7 | 44.0 |
| Preferred stock | ... | 0 | ... | 0.0 |
| Common stock | 238,129 | 207,330 | 17.4 | 15.9 |
| Cash & short-term invest | 26,933 | 14,036 | 2.0 | 1.1 |
| Other non-affil inv asset | 9,500 | 6,500 | 0.7 | 0.5 |
| Investments in affiliates | 417,532 | 404,486 | 30.6 | 31.1 |
| Real estate, offices | 6,083 | 6,081 | 0.4 | 0.5 |
| Total invested assets | 1,268,572 | 1,210,079 | 92.8 | 93.1 |
| Premium balances | 50,177 | 54,881 | 3.7 | 4.2 |
| Accrued interest | 8,008 | 7,331 | 0.6 | 0.6 |
| All other assets | 39,553 | 27,980 | 2.9 | 2.2 |
| Total assets | 1,366,310 | 1,300,271 | 100.0 | 100.0 |

#### LIABILITIES & SURPLUS ($000)

| | 12/31/06 | 12/31/05 | '06% | '05% |
|---|---|---|---|---|
| Loss & LAE reserves | 359,018 | 351,665 | 26.3 | 27.0 |
| Unearned premiums | 130,213 | 128,759 | 9.5 | 9.9 |
| Conditional reserve funds | 3,847 | 4,779 | 0.3 | 0.4 |
| All other liabilities | 126,327 | 124,520 | 9.2 | 9.6 |
| Total liabilities | 619,405 | 609,724 | 45.3 | 46.9 |
| Capital & assigned surplus | 252,451 | 252,451 | 18.5 | 19.4 |
| Unassigned surplus | 494,454 | 438,095 | 36.2 | 33.7 |
| Total policyholders' surplus | 746,905 | 690,547 | 54.7 | 53.1 |
| Total liabilities & surplus | 1,366,310 | 1,300,271 | 100.0 | 100.0 |

### SUMMARY OF 2006 OPERATIONS ($000)

| Statement of Income | 12/31/06 | Funds Provided from Operations | 12/31/06 |
|---|---|---|---|
| Premiums earned | 227,971 | Premiums collected | 233,477 |
| Losses incurred | 74,520 | Benefit & loss related pmts | 83,682 |
| LAE incurred | 30,226 | | |
| Undrw expenses incurred | 100,130 | LAE & undrw expenses paid | 122,872 |
| Net underwriting income | 23,095 | Undrw cash flow | 26,923 |
| Net investment income | 32,235 | Investment income | 34,509 |
| Other income/expense | 725 | Other income/expense | 725 |
| Pre-tax oper income | 56,055 | Pre-tax cash operations | 62,157 |
| Realized capital gains | 25,313 | | |
| Income taxes incurred | 5,657 | Income taxes pd (recov) | 19,212 |
| Net income | 75,711 | Net oper cash flow | 42,945 |

—— ◆ ——

## RM OCEAN HARBOR GROUP
**2549 Barrington Circle, Tallahassee, FL 32308**

Tel: 850-386-1115      Fax: 800-357-0652
AMB#: 18695

### BEST'S RATING

Based on our opinion of the group's Financial Strength, it is assigned a Best's Rating of B (Fair). The group's Financial Size Category is Class VI. Refer to the Preface for a complete explanation of Best's Rating system and procedure.

### RATING UNIT MEMBERS

RM Ocean Harbor Group      (AMB# 18695):

| AMB# | COMPANY | RATING | |
|---|---|---|---|
| 11218 | Ocean Harbor Casualty Ins Co | B | g |

### RATING RATIONALE

**Rating Rationale:** The rating reflects the group's elevated underwriting leverage, volatile premium volume and geographic concentration via its Florida property subsidiary. Partially offsetting these negative factors is the group's adequate capitalization, improved operating performance and conservative investment portfolio. The group's rating outlook reflects its operating performance trend and capitalization that is supported by consistent investment income.

The group's elevated underwriting leverage is driven by the rapid growth in premiums and liabilities over the past five years. Over this period significant exposure growth occurred in both the Florida and California non-standard

auto markets. The group has also recently started writing auto business in the state of New York. Additionally, the group has begun writing mobile homeowners policies in Florida via a newly formed subsidiary. This geographical and product line expansion brings with it some risks, as the diversification, coupled with a rapidly growing book of business, changes the group's overall risk profile. The group maintains various quota share reinsurance agreements on the automobile business outside of Florida and utilizes excess of loss reinsurance for the Florida mobile homeowners line. The reinsurance programs are designed to minimize the risk associated with the group's elevated underwriting leverage. However, the group's overall performance will remain subject to the judicial, regulatory and competitive environment of the marketplace.

Partially offsetting these negative rating factors is the increase in surplus over the past five years due to several years of positive underwriting results and consistent investment income that was generated via the conservative investment portfolio. The group's favorable underwriting performance was attributable to rate increases, disciplined underwriting practices and improved technology designed to stream line processes. Despite the erratic net premium volume and somewhat aggressive growth, the group has generated favorable returns on revenue and equity which compare well with the non-standard automobile composite.

The rating is based on the consolidation of Ocean Harbor Casualty Insurance Company and its wholly-owned but separately rated subsidiary, Safe Harbor Insurance Company.

**Best's Rating: B**       **Outlook: Positive**

### FIVE YEAR RATING HISTORY
**Rating as of July 23, 2007: B**

| Date | Best's Rating | Date | Best's Rating |
|---|---|---|---|
| 06/20/07 | B | | |

### KEY FINANCIAL INDICATORS ($000)

| | | | Statutory Data | | | |
|---|---|---|---|---|---|---|
| Period Ending | Direct Premiums Written | Net Premiums Written | Pretax Operating Income | Net Income | Total Admitted Assets | Policy-holders' Surplus |
| 2002 | 53,737 | 53,737 | 1,297 | 625 | 60,683 | 16,812 |
| 2003 | 104,332 | 48,405 | 4,874 | 3,370 | 70,972 | 20,422 |
| 2004 | 94,312 | 58,491 | 9,264 | 6,631 | 76,706 | 24,106 |
| 2005 | 74,729 | 57,568 | 2,761 | 1,787 | 83,174 | 25,446 |
| 2006 | 89,154 | 77,714 | 3,976 | 2,450 | 96,618 | 29,869 |

| | Profitability | | | Leverage | | | Liquidity | |
|---|---|---|---|---|---|---|---|---|
| Period Ending | Comb. Ratio | Inv. Yield (%) | Pretax ROR (%) | NA Inv Lev | NPW to PHS | Net Lev. | Overall Liq. (%) | Oper. Cash-flow (%) |
| 2002 | 97.9 | 3.9 | 2.6 | 15.4 | 3.2 | 5.8 | 138.3 | 120.9 |
| 2003 | 96.2 | 3.3 | 9.2 | ... | 2.4 | 4.8 | 140.4 | 115.3 |
| 2004 | 88.2 | 2.6 | 15.2 | ... | 2.4 | 4.6 | 145.8 | 120.8 |
| 2005 | 94.0 | 3.7 | 5.2 | 13.3 | 2.3 | 4.5 | 144.7 | 81.1 |
| 2006 | 94.0 | 4.3 | 5.7 | 13.6 | 2.6 | 4.8 | 145.2 | 123.5 |
| 5-Yr | 94.3 | 3.6 | 7.8 | | | | | |

(*) Data reflected within all tables of this report has been compiled through the A.M. Best Consolidation of statutory filings. Within several financial tables of this report, this group is compared against the Professional Non-standard Auto Writers.

### BUSINESS REVIEW

RM Ocean Harbor Group consists of Ocean Harbor Casualty Insurance Company (Ocean Harbor) and its majority owned (83%) subsidiary, Safe Harbor Insurance Company (Safe Harbor). Ocean Harbor is an automobile carrier which started writing business in 1992. Ocean Harbor currently writes private passenger liability and physical damage coverages in the states of Florida and California through managing agents. In 2007, the group additionally authorized National City Service Agency (NCSA), a New York Agency, to write non-standard automobile polices, focusing their efforts in the Long Island and New York City regions. Safe Harbor, which commenced operations on June 1, 2006, is an insurance carrier underwriting mobile homeowners multiple peril coverage in the state of Florida through Cabrillo General Agency Company, a managing general agent. Safe Harbor is currently classified as "NR-2" (not rated due to insufficient size and / or operating experience).

### 2006 BUSINESS PRODUCTION AND PROFITABILITY ($000)

| Product Line | Premiums Written Direct | Net | % of Total NPW | Pure Loss Ratio | Loss & LAE Res. |
|---|---|---|---|---|---|
| Priv Pass Auto Liab | 62,115 | 54,546 | 70.2 | 54.6 | 25,950 |
| Auto Physical | 23,582 | 20,330 | 26.2 | 41.9 | 3,705 |
| Homeowners | 3,457 | 2,837 | 3.7 | 29.1 | 162 |
| Totals | 89,154 | 77,714 | 100.0 | 51.1 | 29,807 |